DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Dennis Mitulski ("Mitulski") appeals the judgment of the Lorain County Court of Common Pleas dismissing his action against appellee Lucas Plumbing Heating ("Lucas") as being outside the statute of limitations, and he appeals the trial court's judgment denying his motion for relief from judgment.[1] Mitulski argues that the trial court erred by granting Lucas' motion for judgment on the pleadings because he filed an amended complaint properly naming Lucas, and commenced the action by obtaining personal service of the amended complaint within one year of the original complaint. He further argues that he was entitled to relief from judgment pursuant to Civ.R. 60(B). This court affirms the judgments of the trial court.
This action stems from an injury Mitulski sustained on March 16, 1995, while working for Lucas and various other named defendants. Mitulski filed this action on January 24, 1997, within the prescribed statute of limitations for personal injury causes of action. In his original complaint, Lucas was named only as "John Doe, Subcontractors," whose identity and address was not known at the time the action was initiated. On January 15, 1998, Mitulski moved the trial court for leave to file an amended complaint in order to name Lucas as one of the "John Doe, Subcontractors." The motion was granted. Mitulski filed an amended complaint naming Lucas as a defendant and again included the language of "John Doe, Subcontractors" in order to possibly name additional defendants. Mitulski then personally served Lucas on January 22, 1998, with a copy of the amended complaint, but failed to personally serve Lucas with the summons of the original complaint.
On February 9, 1998, Lucas moved for judgment on the pleadings arguing that the action had not been properly filed within the statutory time limitation for personal injury actions. Mitulski failed to respond to the motion. The trial court granted the motion on March 6, 1998, and dismissed the action against Lucas. On March 20, 1998, Mitulski moved the trial court for relief from judgment arguing that he properly commenced the action against Lucas pursuant to Civ.R. 3(A) and, as such, the action was not barred by the statute of limitations. In addition, he argued that, in the alternative, he was entitled to relief from judgment pursuant to Civ.R. 60(B). The trial court denied Mitulski's motion for relief, and this appeal followed.[2]
First Assignment of Error
 The lower Court [sic] erred when it granted [Lucas'] Motion for Judgment on the Pleadings based upon the affirmative defense of the statute of limitations because an amendment to the Complaint [sic] to identify a John Doe Defendant pursuant to Ohio Civil Rule of Procedure 15 (D) [sic] relates back to the original filing date of the Complaint [sic] under Ohio Civil Rule of Procedure 15 (C), [sic] if the action has been commenced, service of process upon the Defendant within one (1) year of the filing of the Original [sic] Complaint [sic] under Ohio Civil Rule of Procedure 3 (A) [sic].
Second Assignment of Error
 The lower Court [sic] erred when it denied [Mitulski's] Motion for Relief from Judgment since it clearly appears on and in the pleadings that the granting of [Lucas'] Motion for Judgment on the Pleadings based upon the affirmative defense of the statute of limitations was clearly erroneous because [Mitulski] properly commenced his action against [Lucas] within one (1) year of the filing of the original Complaint [sic] pursuant to Ohio Civil Rule of Procedure 3 (A), [sic] and the amendment to the Complaint [sic] to identify a John Doe Defendant made pursuant to Ohio Civil Rule of Procedure 15 (D) [sic] relates back to the original filing date of the Complaint [sic] under Ohio Civil Rule of Procedure 15 (C), [sic] which was timely filed within the two (2) years statute of limitations for personal injuries under ORC [sic] Section 2305.10.
In his first assignment of error, Mitulski avers that the trial court erred by granting Lucas' motion for judgment on the pleadings. He argues that because he properly amended the complaint naming Lucas as a defendant, and commenced the action pursuant to Civ.R. 3(A), the action was not barred by the statute of limitations. In his second assignment of error, relating to his motion for relief from judgment, he argues that because the case was not barred by the statute of limitations, he was entitled to relief from judgment pursuant to Civ.R. 60(B). These assertions are without merit.
"In determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)." Amerine v. HaughtonElevator Co. (1989), 42 Ohio St.3d 57, syllabus. Civ.R. 15 reads in pertinent part:
 (C) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
* * *
 (D) When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.
Civ.R. 3(A) states:
 A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D).
Pursuant to Civ.R. 3(A), a civil action is commenced by filing a complaint and personally serving the defendant within one year from the filing of the original complaint upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D). Brennan v. Doe (Feb. 5, 1987), Franklin App. No. 85AP-725, unreported, 1987 Ohio App. LEXIS 5815, at *5 Thus, Civ.R. 3(A) gives the plaintiff utilizing the "John Doe" procedure one year after the original complaint is filed to serve the defendant. However, the requirements of Civ.R. 15(D) must still be followed in that the unnamed defendant must be described.Kimball v. Akron Gen. Med. Ctr. (June 8, 1988), Summit App. No. 13358, unreported at 4. In addition, "Civ.R. 15(D) specifically requires that the summons [of the original complaint] must be served personally upon the defendant." McConville v. JacksonComfort Sys., Inc. (1994), 95 Ohio App.3d 297, 304, citingAmerine, 42 Ohio St.3d at 58 (Emphasis in original.) Furthermore, the Ohio State Supreme Court held in Amerine that the specific requirements of Civ.R. 15(D) must be met. Amerine,42 Ohio St.3d at 58. Civ.R. 15(D) "requires that the summons must contain the words `name unknown.'" Id.
In the instant case, Mitulski failed to adhere to the requirements of Civ.R. 15(D) and, as such, he cannot benefit from the "relate back" language of Civ.R. 15(C). Mitulski failed to personally serve Lucas with a summons of the original complaint, and he also failed to include the words "name unknown" in the summons that was served upon Lucas. Thus, his serving of the amended complaint upon Lucas on January 15, 1998, did not relate back and, therefore, was filed outside the statute of limitations. Accord Amerine, 42 Ohio St.3d at 58. Accordingly, the trial court did not err by granting Lucas' motion for judgment on the pleadings. His first assignment of error is overruled.
Mitulski's second assignment of error challenges the trial court's denial of his motion for relief from judgment. However, he fails to argue separately the issue raised by this assignment of error. App.R. 16(A) (7) requires that an appellant separately argue each assignment of error. Failure to argue each assignment of error separately permits this court to disregard those assignments of error not individually addressed. See App.R. 12(A) (2). Mitulski's second assignment of error simply re-argues the same issue presented in his first assignment of error before this court. He fails to argue why he was entitled to relief pursuant to Civ.R. 60(B) in this assignment of error. As such, his second assignment of error is also overruled.
Third Assignment of Error
 The lower Court [sic] erred in denying [Mitulski's] Motion for Relief from Judgment since it was timely filed, and there is a complete absence of any inexcusable neglect.
Mitulski next contends that the trial court erred by denying his Civ.R. 60 motion for relief from judgment because there was no inexcusable neglect. This contention is without merit.
Mitulski relies upon Civ.R. 60(B) (1) as the basis for requesting relief from judgment. The rule reads in pertinent part as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertance, surprise or excusable neglect[.]
In order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. These requirements are independent and must all be established by the movant. Cooper v. Cooper (Nov. 4, 1998) Medina App. No. 2741-M, unreported at 5. Although Civ.R. 60(B) is generally construed liberally, see Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 20, if the movant fails to satisfy any of these three requirements, the motion must be denied. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
When reviewing a trial court's judgment on Civ.R. 60(B) motion, an appellate court must consider only whether the trial court abused its discretion. Quebodeaux v. Quebodeaux (1995),102 Ohio App.3d 502, 504. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying this standard, an appellate court may not substitute its judgment for that of the trial court. S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 667.
Relief from judgment may be granted under Civ.R. 60(B) (1) for "mistake, inadvertence, surprise or excusable neglect." What constitutes "excusable neglect" is determined from all the surrounding facts and circumstances. See Miami Sys. Corp. v. DryCleaning Computer Sys., Inc. (1993), 90 Ohio App.3d 181, 185.
In the instant case, the record is devoid of any operative facts that would entitle Mitulski to relief under Civ.R. 60(B). Rather than setting forth facts demonstrating excusable neglect, Mitulski argues that his failure to file a response to Lucas' motion for judgment does not constitute inexcusable neglect. As an initial matter, Mitulski was not required to file a response to Lucas' motion. Contrary to his contention, his attorney's failure to do so did not result in a "default judgment" in favor of Lucas. Mitulski cites no authority for his proposition, and the record does not support his contention that the trial court erred by denying his motion. Simply claiming that there was no inexcusable neglect is not sufficient to entitle Mitulski to relief pursuant to Civ.R. 60(B). It was incumbent upon him to set forth grounds that would entitle him to relief. GTE Automatic Elec., Inc.,supra, at 151. Mitulski failed to set forth any operative facts before this court demonstrating that he was entitled to relief pursuant to Civ.R. 60(B). Therefore, we cannot conclude that the trial court acted arbitrarily, unreasonably or unconscionably by denying his motion for relief. Mitulski's third assignment of error is overruled.
Mitulski's assignments of error are overruled. The judgments of the Lorain County Court of Common Pleas are affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR
[1] Mitulski brought two separate appeals challenging the judgments of the trial court. The cases have been consolidated for this court's review.
[2] Mitulski's assignments of error presented in this consolidated appeal have been renumbered for ease of discussion. His assignment of error set forth in 98CA007085 and his first assignment of error in 98CA007105 will be addressed together for ease of discussion because they present the same argument.