AMERINE ET AL., APPELLANTS, *v.* HAUGHTON ELEVATOR COMPANY, DIVISION OF RELIANCE ELECTRIC COMPANY, ET AL.; OTIS ELEVATOR COMPANY, APPELLEE.

[Cite as Amerine *v.* Haughton Elevator Co. (1989), 42 Ohio St. 3d 57.]

(No. 87-2123—Submitted January 18, 1989—Decided April 19, 1989.)

58

*Randall W. Pees,* for appellants.
*David L. Day* and *Dale D. Cook,* for appellee.

DOUGLAS, J. The issue presented is whether Civ. R. 15(D), read in conjunction with Civ. R. 15(C) and 3(A), allows appellants' amended complaint of May 14, 1984 to relate back to the time of the filing of the original complaint on August 22, 1983.

Civ. R. 15(D) states:

"Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words *'name unknown,'* and a copy thereof must be served *per-*sonally upon the defendant." (Emphasis added.)

Civ. R. 15(D) specifically requires that the summons *must* be served personally upon the defendant. In this case, service was performed by way of certified mail which is clearly not in accordance with the requirement of Civ. R. 15(D). Civ. R. 15(D) also requires that the summons must contain the words "name unknown." Appellants also failed to meet this specific requirement of the rule.

Accordingly, due to appellants' failure to meet the specific requirements of Civ. R. 15(D), the judgment of the court of appeals is affirmed albeit for different reasons.[1]

Since Civ. R. 3(A) has been amended,[2] it is appropriate for us to interpret and explain the amended rule as it relates to Civ. R. 15(C) and (D). In an appropriate case, if the specific requirements of Civ. R. 15(D) are met, Civ. R. 15(C) then must be considered. Civ. R. 15(C) states:

"Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, *the amendment relates back to the date of the original pleading.* An amendment *changing the party* against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amend-

---

[1] In reaching its judgment, the court of appeals relied on its decision in *Collins* v. *Ohio Dept. of Natural Resources* (Jan. 6, 1983), Franklin App. No. 82AP-370, unreported. In *Collins,* the court of appeals had held that Civ. R. 15(D) could not be used in conjunction with Civ. R. 3(A) to overcome the time bar of a statute of limita-tions. In our recent case of *Varno* v. *Bally Mfg. Co.* (1985), 19 Ohio St. 3d 21, 19 OBR 18, 482 N.E. 2d 342, we reached the same conclusion. Subsequently, however, effective July 1986, Civ. R. 3(A) was amended and the amendment to the rule effectively negates our holding in *Varno.*

[2] See fn. 1.

ment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * *'' (Emphasis added.)

Under Civ. R. 15(C), an amendment relates back to the date of the original pleading if the parties are not changed. As an example, in the case at bar, the amendment substituted the party's real name for the fictitious John Doe number two. The party was not changed. The party was the same. Thus, the amendment of the pleading relates back to the date of the original pleading.

As amended, Civ. R. 3(A) states:

"Commencement. A civil action is commenced by filing a complaint with the court, *if service is obtained within one year* from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or *upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D).*'' (Emphasis added.)

Civ. R. 3(A) now specifically states that the use of a fictitious name with subsequent correction, by amendment, of the real name of a defendant under Civ. R. 15(D) relates back to the filing of the original complaint and that service must be obtained within one year of the filing of the original complaint. Under Civ. R. 3(A), as amended, service does not have to be' made on the formerly fictitious, now identified, defendant within the statute of limitations as long as the original complaint has been filed before expiration of the statute of limitations. As indicated in fn. 1, *supra,* the amendment of Civ. R. 3(A) supersedes our decision in *Varno* v. *Bally Mfg. Co.* (1985), 19 Ohio St. 3d 21, 19 OBR 18, 482 N.E. 2d 342.

Accordingly, in determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ. R. 15(D) must be read in conjunction with Civ. R. 15(C) and 3(A).

For the reasons stated herein, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.