JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Leila Hodges and Otis McDonald (collectively appellants) appeal from the order of the trial court granting summary judgment in favor of defendants-appellees Gates Mills Towers Apartment Co. (Gate Mills Towers) and Ross Elevator, Inc. (Ross Elevator).
Although appellants fail to list the assignments of error presented for review pursuant to App.R. 16(A)(3), appellants raise the following arguments in their brief:
 I. THE DETERMINATION OF WHETHER THE APPELLEE BREACHED ITS DUTY TO USE REASONABLE CARE IS A QUESTION OF FACT FOR THE JURY.
 II. A LANDLORD IS LIABLE FOR THE INJURIES SUSTAINED BY HIS TENANT'S GUEST.
 III. THE APPELLEE, ROSS ELEVATOR[,] INC.[,] WAS NEGLIGENT IN MAINTAINING THE ACCIDENT ELEVATOR.
 IV. MRS. HODGES CLAIM AGAINST THE DEFENDANT IS NOT BARRED BY THE STATUTE OF LIMITATIONS
 V. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S [SIC] MOTION[S] FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST.
For the following reasons, we affirm the judgment of the trial court.
 I.
Leila Hodges was employed as a home health care nurse for Martha Gompertz, a tenant of Gates Mills Towers. On February 7, 1996, Mrs. Hodges rode the apartment building's freight elevator to the first floor. Mrs. Hodges claims that elevator was mis-leveled, and that the elevator stopped eight to ten inches below the floor. When she exited the elevator, Mrs. Hodges tripped on the deviation and fell to the ground.
On January 20, 1998, Mrs. Hodges and her husband, Otis McDonald, filed the underlying lawsuit for damages addegedly sustained as a result of her fall on February 7, 1996. filed the underlying complaint, appellants listed the defendants as Gates Mills Towers, Westinghouse Elevators[1], and John Doe Elevator Company.
On January 4, 1999, the trial court granted appellants leave to file an amended complaint, pursuant to Civ.R. 15(D), to name Ross Elevator as the previously designated John Doe defendant. Appellants served their amended complaint upon Ross Elevator by certified mail.
On August 2, 1999, Gates Mills Towers filed a motion for summary judgment. Ross Elevator filed its motion for summary judgment on August 3, 1999. In a journal entry filed on October 29, 1999, the trial court granted both summary judgment motions. Therefrom, appellants filed a timely notice of appeal with this court.
 II.
Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that:
 * * * No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. [I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id.
 III.
In the first, third, fourth and fifth arguments presented in their brief, appellants claim that the trial court erred in granting Ross Elevator's motion for summary judgment. In particular, appellants insist that their claims against Ross Elevator were not barred by the two-year statute of limitations in R.C. 2305.10(A).
The subject accident occurred on February 7, 1996. Appellants filed the underlying lawsuit on January 20, 1998; although Ross Elevator was not a named defendant in this lawsuit, appellants listed as a defendant John Doe Elevator Company. On January 6, 1999, appellants filed a first amended complaint which, for the first time, named Ross Elevator as a defendant.
As appellants note, service does not have to be made on the formerly fictitious, now identified, defendant within the statute of limitations as long as the original complaint has been filed before expiration of the statute of limitations. Amerine v.Haughton Elevator Co. (1989), 42 Ohio St.3d 57, 59. However, [i]n determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A). Amerine, at syllabus.
Civ.R. 15(C) states:
 When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and the copy thereof must be served personally upon the defendant. (Emphasis added.)
Civ.R. 3(A) provides:
 A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).
In Amerine, the supreme court held:
 Civ.R. 15(D) specifically requires that the summons must be served personally upon the defendant. In this case, service was performed by way of certified mail which is clearly not in accordance with the requirement of Civ.R. 15(D).
Id. at 58.
In the instant case, appellants acknowledge that they served their amended complaint upon Ross Elevator by certified mail. Appellants failed to satisfy the personal service requirement of Civ.R. 15(D) within one year of amending their complaint and, therefore, the trial court properly granted summary judgment in favor of Ross Elevator.[2] The disposition of this issue renders appellants' remaining arguments regarding Ross Elevator moot. App.R. 12(A)(1)(c).
 IV.
In the first, second and fifth arguments presented in their brief, appellants claim that the trial court erred in granting summary judgment in favor of Gates Mills Towers.
Gates Mills Towers concedes that Leila Hodges was lawfully on itS premises. A landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant.Shump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, syllabus. Thus, the obligations imposed upon a landlord under R.C. 5321.04 would appear to extend to tenants and to otherpersons lawfully upon the leased premises. Id. at 420 (emphasis added.)
R.C. 5321.04(A)(4) mandates that a landlord maintain in good and safe working order and condition all * * * elevators. A violation of R.C. 5321.04 constitutes negligence per se. Shroadesv. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. However, a plaintiff must still establish proximate cause. Id. Also it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord. Id. at 25-26.
As the Supreme Court of Ohio recently noted, negligence per se
and strict liability are not synonymous. Sikora v. Wenzel (2000),88 Ohio St.3d 493, 495. "[N]egligence per se and strict liability differ in that a negligence per se statutory violation may be `excused.'" Id. at 497. As the court stated in Sikora:
 Lack of notice is among the legal excuses recognized by other jurisdictions and set forth in the Restatement of Torts 2d. This excuse applies where "the actor neither knows nor should know of any occasion or necessity for action in compliance with the legislation or regulation." Restatement of Torts 2d, supra, at 35, Section 288A(2)(b), Comment f. See, also, Gore v. People's Savings Bank, supra (applying this excuse in the context of the violation of a statutory obligation upon a landlord). This concept is also specifically recognized in 2 Restatement of the Law 2d, Property, Landlord Tenant (1977) 261-262, Section 18.3, Comment c, as applicable to landlord liability for failing to remedy a dangerous condition.
Id. at. 497.
In support of its summary judgment motion, Gates Mills Towers submitted the affidavit of Richard U. Boening, its management agent. In his affidavit, Mr. Boening stated:
 3. That prior to February 7, 1996, Defendant Gates Mills Towers Apartment Co. had not received any complaints regarding the freight elevator stopping at below floor level as described by Leila Hodges in her deposition;
 4. That Defendant Gates Mills Towers Apartment Co. had no notice of any ongoing condition wherein said freight elevator was stopping below floor level prior to Leila Hodges' fall on February 7, 1996.
In their response, appellants failed to present any evidence that Gates Mills Towers had actual or constructive notice of the mis-leveling problem. As such, appellants failed to satisfy their burden of creating a genuine issue of material fact in this regard. See Dresher, supra. Based upon the foregoing, we find that the trial court did not err in granting summary judgment in favor of Gates Mills Towers.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Although named as a defendant in the original complaint, appellants did not list Westinghouse Elevators as a defendant in their amended complaint.
[2] Accord Mustric v. Penn Traffic Corp. (Sept. 7, 2000) Franklin App. No. 00AP-277, unreported (Amerine establishes that Civ.R. 15(D)'s requirement of personal service is mandatory.);Ziegler v. Mahoning Cty. Sheriff's Dept. (June 2, 2000), Mahoning App. No. 99 CA 189, unreported (As the John Doe defendants were not personally served within one year, a civil action was never commenced against them and the trial court properly dismissed the complaint.); Plumb v. River City Erectors, Inc. (Mar. 21, 2000), Franklin App. No. 99AP-690, unreported (Certified mail service does not fulfill the express language of Civ.R. 15 (D).); Mitulskiv. USS/Kobe Steel Co. (May 26, 1999), Lorain App. Nos. 98CA007085, 98CA007105, unreported (Mitulski failed to adhere to the requirements of Civ.R. 15(D) and, as such, he cannot benefit from the "relate back" language of Civ.R. 15(C).).