LOESCHER, Appellant,

v.

PLASTIPAK PACKAGING, INC. et al., Appellees.

[Cite as *Loescher v. Plastipak Packaging, Inc.*, 152 Ohio App.3d 479, 2003-Ohio-1850.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–02–33.

Decided April 11, 2003.

**480**

---

Michael A. Rumer and Victoria U. Maisch, for appellant.

David T. Patterson and Jenifer J. Murphy, for appellee Arrowhead Conveyor LLC.

Deidre G. Henry, for appellee Plastipak Packaging, Inc.

THOMAS F. BRYANT, Presiding Judge.

{¶ 1}   Plaintiff-appellant Angela Loescher ("Loescher") brings this appeal from the judgment of the Court of Common Pleas of Shelby County granting summary judgment to defendant-appellee Arrowhead Conveyor, LLC ("Arrowhead").

{¶ 2}   On July 19, 1999, Loescher was employed by Plastipak Packaging, Inc. ("Plastipak") and was injured.   Loescher filed a complaint against Plastipak and John Does Nos. 1 through 5 on May 9, 2001.   On January 30, 2002, Loescher filed a motion for leave to file a second amended complaint identifying John Doe No. 3 as Arrowhead and a motion for appointment of a process-server pursuant to Civ.R. 4.3(B)(2).   The motions were granted, and a summons was issued and personally served upon Arrowhead on February 18, 2002.

{¶ 3}   On March 19, 2002, Arrowhead served Loescher with notice that Arrowhead had filed for bankruptcy on January 7, 2002.   The stay order issued by the bankruptcy court placed this case on hold.   On April 22, 2002, Arrowhead filed an answer to Loescher's second amended complaint.   Arrowhead claimed in its sixth defense that Loescher's claim was barred by the statute of limitations. On June 21, 2002, Loescher received relief from the bankruptcy stay order and the instant case proceeded.   Notice of the relief was filed on July 9, 2002.

{¶ 4}   On July 22, 2002, Arrowhead filed a motion for summary judgment. The basis for this motion was that the case was barred by the statute of limitations because the summons was improper.   Arrowhead claims that the summons was improper because it never received a summons on the original complaint containing the words "name unknown," and the error was not corrected prior to May 9, 2002.   Thus, Arrowhead claims that Loescher's claim does not relate back to the original complaint and that the claim is barred by the statute of limitations.   On August 12, 2002, Loescher filed a motion to amend process pursuant to Civ.R. 4.6(B).   This motion was implicitly denied on October 8, 2002, when the trial court granted Arrowhead's motion for summary judgment. Loescher appeals from this judgment.

{¶ 5}   Loescher raises the following assignment of error:

"The trial court erred in granting [Arrowhead] summary judgment as a matter of law on the basis that the relation back provision of Civil Rule 15(C) was not operable as to [Arrowhead] and thus [Loescher's] claim was time-barred."

{¶ 6}   "[I]n determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)."   *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 59, 537

N.E.2d 208.  The failure of a plaintiff to comply with the Civil Rules will bar the relation back of amendments.  Id.

█ {¶ 7}  In this case, there is no dispute over the basic facts.  Both parties agree that the original complaint was filed on May 9, 2001.  Both sides also agree that personal service was attempted and accepted by Arrowhead within the one-year limitation for service on an unidentified defendant.  Arrowhead in its motion for summary judgment makes only one claim; that the original summons did not contain the words "name unknown."  At oral argument, Arrowhead admitted that it had suffered no prejudice by the alleged failure to include these words.  The record indicates that the purpose of the summons to give notice to Arrowhead was fulfilled and that Arrowhead filed an answer to the complaint.  This court notes that the answer, filed prior to the expiration of the one-year period in which to perfect service, did not allege insufficiency of service of process as required in Civ.R. 12(B)(5).  However, this is the sole issue before this court because the alleged failure to include the words "name unknown" on the face of the summons is the basis for the claim that the complaint does not relate back to the original complaint and thus violates the statute of limitations.

█ {¶ 8}  When applying the Civil Rules, all rules must be applied in accordance with the others.  *Amerine,* supra.  Where the name of a party is unknown, that defendant may be designated on the complaint by any description.  Civ.R. 15(D).  The complaint must allege that plaintiff could not discover the name.  Id.  The summons must then contain the words "name unknown."  Id.  The rule is not clear as to whether the original summons or the amended summons must contain the required language.  Arrowhead, at oral argument, alleged that it is the original summons that must contain this language, as it would be contradictory to contain the required words once the name is known.  This court agrees with that premise.  Thus, the summons we will review is the one served with the original complaint.

{¶ 9}  In the original complaint, Loescher listed one defendant and five John Doe defendants, names unknown, addresses unknown.  The complaint avers as follows:

"At all times pertinent, the true names and address of Defendants John Doe Nos. 1 through 5 have been, and remain, unknown despite Plaintiff's attempts to discover their names and addresses, but these John Doe defendants are individuals, partnerships or corporations who were engaged in the business of, among other things, designing, formulating, producing, creating constructing, assembling, manufacturing, rebuilding, testing, packaging, labeling, distributing, marketing, supplying, selling, repairing, maintaining, advertising for sale, warranting and recommending to companies, such as Plastipak Packing, Inc. certain machines utilized in the production of plastic products."  Complaint, 2.

{¶ 10} The face of the complaint specifically contains the words "names unknown." This complaint was attached to the original summons, which listed Loescher as the plaintiff and Plastipak as the defendant:

"Where there are multiple plaintiffs or multiple defendants, or both, the summons may contain, in lieu of the names and addresses of all parties, the name of the first party on each side and the name and address of the party to be served."

"A copy of the complaint shall be attached to each summons." Civ.R. 4(B).

{¶ 11} Here, there were multiple defendants, so the summons contained only the name of Plastipak, the first defendant.[1] The summons stated as follows: "You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein." May 9, 2001 summons. A copy of the complaint was attached and contained the words "names unknown." Only the first defendant need be identified on the face of the summons because the particular defendant served can learn the identity of other parties by looking at the caption of the complaint, which has been incorporated into the summons. Staff Note 7–7–73 Amendment. Once the identity of Arrowhead was learned, an amended complaint identifying Arrowhead and a new summons directed to Arrowhead were personally served upon Arrowhead. In addition, Arrowhead was provided with a copy of the original complaint. Since the original complaint contained the required language and was incorporated into the original summons by the language of the summons, Loescher has complied with the requirements of Civ.R. 15(D). Thus, the service was perfected within the one-year period, and the complaint relates back to the original complaint, which was timely filed.

{¶ 12} Arrowhead cites several cases in support of its argument. However, none of those cases presents the same set of factual circumstances. In *Amerine*, supra, and *Mitulski v. USS/Kobe Steel Co.* (May 26, 1999), Lorain App. Nos. 98 CA007085 and 98 CA007105, 1999 WL 334789, the plaintiffs failed to make personal service upon an out-of-state defendant and to include the words "name unknown." Here, personal service was achieved. In *Gates v. Precision Post* (Sept. 14, 1994), Marion App. No. 9–94–21, 1994 WL 514045, the plaintiff included the proper wording but failed to make the necessary averments in the complaint, which were made in this case. Thus, the issues are not the same. In *West v. Otis Elevator Co.* (1997), 118 Ohio App.3d 763, 694 N.E.2d 93, the plaintiff failed to comply with any of the requirements of Civ.R. 15(D). Finally, in *Mears v. Mihalega* (Dec. 19, 1997), Trumbull App. No. 97–T–0040, 1997 WL 801291, the

---

1. The remaining defendants were all John Doe defendants who were listed as names unknown, addresses unknown.

plaintiff failed to incorporate the required language and did not achieve any service until after the one-year period of time had run. The facts of all these cases are distinguishable from the case before us. Here, Loescher specifically included the complaint with the required language into the summons, served Arrowhead personally, and did so within one year of the filing of the original complaint. Thus, all of the requirements of Civ.R. 15(D) are met.

{¶ 13} Since Loescher has met all of the requirements of the Civil Rules, the trial court erred in granting summary judgment to Arrowhead. This case will proceed to trial on its merits. The assignment of error is sustained. The judgment of the Court of Common Pleas of Shelby County is reversed, and the cause is remanded for further proceedings.

Judgment reversed<br>and cause remanded.

SHAW and CUPP, JJ., concur.