PARTIN et al., Appellants,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Partin v. Ohio Dept. of Transp.*, 158 Ohio App.3d 200, 2004-Ohio-4038.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–830.

Decided Aug. 3, 2004.

Lydy & Moan, Ltd., and R. Jeffrey Lydy, for appellants.

Jim Petro, Attorney General, and Eric A. Walker, Assistant Attorney General, for appellee.

WATSON, Judge.

{¶ 1} This is an appeal from the judgment of the Court of Claims granting defendant's motion for summary judgment. For the following reasons, we affirm.

{¶ 2} This case arises out of an automobile accident that occurred on April 14, 2000, in Toledo, Ohio. Plaintiffs Deborah Partin and Darlene Partin were injured in the accident. Michelle Jankowski, Deborah's daughter, was driving the vehicle. The third plaintiff, Donald Partin, is Deborah's husband. On the date in question, the plaintiffs were on a roadway known as the Greenbelt Parkway, State Route 25.

{¶ 3} Three lawsuits were originally filed in the Lucas County Court of Common Pleas naming several defendants. One named defendant was ABC Corporation. The fictitious name ABC Corporation was used because plaintiffs were not aware of the proper name for the particular defendant who allegedly designed the intersection where the accident occurred. The complaints alleged that ABC Corporation "designed, implemented, and/or created the nuisance that existed at the intersection of the Greenbelt Parkway and I–280 entrance ramp as of April 14, 2000 whose name and address is unknown although Plaintiff has exercised due diligence in attempting to determine the same." The complaints further alleged that ABC Corporation had created an unreasonably dangerous nuisance, proximately causing plaintiffs' injuries. The lawsuits were filed on

April 15, 2002, only days prior to the expiration of the applicable statute of limitations.

{¶ 4} After the lawsuits were filed, initial discovery was conducted. It was revealed that the state of Ohio had been in charge of the construction of the Greenbelt Parkway and might have been the designer. Therefore, ABC Corporation was actually the state, namely the Ohio Department of Transportation ("ODOT"). Thereafter, the plaintiffs filed a complaint in the Court of Claims against ODOT on March 21, 2003, within one year of filing the original complaint. A praecipe for personal service on ODOT was filed through the Franklin County's sheriff office. Personal service was obtained on March 27, 2003, within one year of filing the original complaint. Plaintiffs did not dismiss the Lucas County complaints but filed an amended complaint on March 25, 2003, without naming ODOT as a defendant. ODOT filed a motion to dismiss the Court of Claims complaint on the ground that plaintiffs' claims were barred by the two-year statute of limitations. The Court of Claims converted the motion into one for summary judgment. On July 24, 2003, the court granted ODOT's motion, finding that plaintiffs' claims were time-barred. The court determined that the saving statute contained in R.C. 2305.19 was inapplicable because the Lucas County complaints were never formally dismissed. Plaintiffs filed the instant appeal.

{¶ 5} Plaintiffs-appellants assert the following assignment of error:

The court of claims erred in granting summary judgment to the Ohio Department of Transportation dismissing plaintiffs-appellants' suit.

{¶ 6} Generally, civil actions against the state must be commenced no later than two years after the date of accrual of the cause of action or within any shorter period applicable to similar suits between private parties. R.C. 2743.16.

{¶ 7} ODOT contends that the saving statute governs the current appeal. R.C. 2305.19 provides:

In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.

{¶ 8} ODOT maintains that before the statute can apply, an action must have failed for a reason other than upon the merits, e.g., a voluntary dismissal. ODOT contends that since there was no dismissal of the Lucas County complaints, the appellants' complaint filed in the Court of Claims is barred by the two-year statute of limitations and is not saved by the statute. The Court of Claims

determined that ODOT's position was correct. There is no dispute that the complaint was filed in the Court of Claims more than two years from the date of the accident.

{¶ 9} On the other hand, appellants contend that the complaint filed in the Court of Claims is a properly amended complaint under Civ.R. 15(D) and that the saving statute is inapplicable. Appellants state that they did not dismiss the original complaints in Lucas County because defendants other than ODOT were named and could be sued in that court. Appellants assert that once they identified ODOT as the proper defendant, they had no choice but to file in the Court of Claims. Thus, the Court of Claims complaint should be construed as an amendment to the Lucas County lawsuit. Civ.R. 15(D) states the following:

Amendments where name of party unknown.

When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding *must* be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and the copy thereof must be served personally upon the defendant.

(Emphasis added.)

{¶ 10} The specific requirements of Civ.R. 15(D) include the following: (1) the summons must be personally served upon the defendant; certified or regular mail is insufficient; (2) the summons must contain the words "name unknown"; and (3) the plaintiff must aver in the complaint the fact that the name was not discovered. *Amerine v. Haughton Elevator Co., Div. of Reliance Elec. Co.* (1989), 42 Ohio St.3d 57, 58, 537 N.E.2d 208. If the specific requirements of Civ.R. 15(D) are met, the court must then look to Civ.R. 15(C) and 3(A). Id. at 58–59, 537 N.E.2d 208. Under Civ.R. 15(C), an amendment relates back to the date of the original pleading if the parties are not changed and the claims asserted arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Id.; Civ.R. 15(C). Further, under Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

{¶ 11} We find pursuant to Civ.R. 15(D) that upon discovery of ODOT's identity, appellants were *required* to amend the complaint in Lucas County by adding ODOT. The language of the rule is clear and unambiguous. The filing of the complaint against ODOT in the Court of Claims is insufficient to constitute an

amendment to the Lucas County lawsuit under the rule. Had appellants filed an amended complaint, the Lucas County court would have dismissed ODOT for lack of subject-matter jurisdiction. *Kinney v. Ohio Dept. of Adm. Servs.* (1986), 30 Ohio App.3d 123, 30 OBR 240, 507 N.E.2d 402. Because appellants did not file an amendment and there was no dismissal of the action against ODOT, there has been no failure of the action "otherwise than upon the merits" as required by R.C. 2305.19.

{¶ 12} Subsequent to the filing of the complaint against ODOT in the Court of Claims, the city of Toledo petitioned the court for removal of the Lucas County actions against the remaining defendants to the Court of Claims. The actions remain pending in the Court of Claims. Therefore, because the actions in Lucas County are no longer pending, no further options exist for appellants to save their claims against ODOT. Accordingly, appellants' first and sole assignment of error is overruled.

{¶ 13} Based on the foregoing, we find that appellants were required to amend the original complaint filed in Lucas County to add ODOT as a defendant. Appellants did not amend. Therefore, there was no dismissal otherwise than upon the merits, and appellants' claims against ODOT cannot be saved under R.C. 2305.19.

{¶ 14} Accordingly, appellants' sole assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.

Judgment affirmed.

PEGGY BRYANT and SADLER, JJ., concur.