DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Joel Field, Jon Field and Banana Joe's of Akron, Inc., appeal a default judgment entered against Field Development Group, Banana Joe's, and Margarita Mama's, and later amended pursuant to Civ.R. 15(C), with judgment entered against Appellants by the Summit County Court of Common Pleas. We vacate and remand
 I. {¶ 2} On February 14, 2003, Jason Martz filed suit against Field Development Group, Margarita Mama's, Banana Joe's, and John Doe 1-10.[1] Notice of the suit was mailed to those named parties at 391 Neil Avenue, Columbus, Ohio 43215. In a letter dated March 3, 2003, an entity named Columbus Hospitality advised the Summit County Clerk of Courts that:
"as of Thursday, October 24, 2002, Columbus Hospitality is the new management company for the Margarita Mamma's business located at 391 Neil Avenue, Columbus, Ohio.
"All correspondence related to business prior to this date should be directed to:
 "Field Development Group 6611 Liggett Road Dublin, Ohio 43017[.]"
 {¶ 3} On April 30, 2003, Martz re-mailed the summonses for Banana Joe's, Field Development Group, Margarita Mama's, and John Doe 1-10 to the Dublin address. Jon Field signed for the summonses on May 6, 2003. On April 30, the same day the second summonses were mailed, Martz filed a motion for default judgment alleging that service was completed when notices were mailed to the Columbus address, and as no one answered the complaint, default judgment was appropriate. Attached to the motion was a copy of the letter from Columbus Hospitality, copies of the summonses sent to the Dublin address, and a copy of the complaint.
 {¶ 4} The trial court entered an order, stating that "all Defendants were served on February 18, 2003 * * * at 391 Neil Avenue, Columbus, Ohio" and Martz "served Field Development Group and Banana Joe's with a copy of the complaint on April 30, 2003." The trial court entered a default judgment on behalf of Martz on June 18, 2003, and ordered that a hearing on damages be held on July 31, 2003. On July 18, 2003, Martz entered a notice of taking an expert deposition pursuant to Civ.R. 32(A); the deposition was filed with the court on July 28, 2003. Also on July 28, 2003, Martz entered a motion to amend for misnomer pursuant to Civ.R. 15(C), changing the names of the defendants to Banana Joe's of Akron, Inc., Joel Field, and Jon B. Field. The certificate of service indicated that the motion for misnomer was sent to the newly named parties at both the Columbus and Dublin addresses. Attached to the motion to amend were copies of corporation records obtained from the Ohio Secretary of State for Banana Joe's of Akron, Inc., Banana Joe's of Bethel Road, Inc., Banana Joe's of Cincinnati, Inc., Banana Joe's of Pittsburgh, Inc. Jon B. Field's name appears in these documents as President of the corporations. Also attached was a copy of a stipulation for dismissal and final judgment entry in a case between Preferred Capital, Inc. and Banana Joe's, Inc., entered by the Summit County Court of Common Please on September 30, 2002; Jon B. Field signed the stipulated agreement as President of Banana Joe's Inc.[2]
 {¶ 5} On August 14, 2003, Joel Field, Jon B. Field and Banana Joe's of Akron, Inc. entered a special appearance for the limited purpose of opposing the motion to amend for misnomer. On September 30, 2003, the trial court entered an order stating that the defendants "have failed to file an answer or otherwise plead to [Martz's] complaint." The trial court granted the motion to amend, stating that the connections between the original named defendants and the newly named defendants:
"was such that service of summons upon Defendants Field Development Group, Margarita Mamas (sic) and Banana Joes (sic) was tantamount to service of summons albeit under a misnomer upon Defendants Banana Joe's of Akron, Inc., Joel Field, and Jon B. Field.
"The Court further finds that Banana Joe's of Akron, Inc., Joel Field, and Jon B. Field were all described with particularity in the complaint, knew or should have known that they were the real parties of interest, and therefore should have filed a response knowing that they were the proper party upon whom the action was brought. Defendants having received actual notice of the action against them and having in fact been served. If Defendants did not infer from the summons and the complaint, they should have done so. As such, Defendants Banana Joe's of Akron, Inc., Joel Field, and Jon B. Field waived any defect by failing to act."
 {¶ 6} The trial court granted the motion for misnomer, ordering that the amendment relate back to the date of the original complaint. Also on September 30, 2003, the trial court entered judgment against Banana Joe's of Akron, Inc., Joel Field, and Jon B. Field for $350,000 in compensatory damages and $350,000 in punitive damages. In the judgment order, the trial court stated, "The Court finds that all necessary parties have been properly served and that Civ.R. 15 previously having been applicable herein."
 {¶ 7} This appeal followed.
 II. Assignment of Error No. 1
"The Summit County Court of Common Pleas erred when it found that it had in personam jurisdiction over joel field, Jon B. Field, and/or Banana Joe's of Akron, Inc."
 {¶ 8} In this assignment of error, Appellants argue that Martz consistently sent the summons on complaint, the motion for default judgment and the motion to amend for misnomer to the incorrect address even though Martz had been informed that it was the wrong address for the defendants that he had named. Therefore, Appellants claim that the trial court's conclusion that service was complete on February 18, 2003, is error and the trial court did not have personal jurisdiction over Appellants.
 {¶ 9} Civ.R. 15(C) states in pertinent part:
"Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
 {¶ 10} However, Civ.R. 15(C) is not considered until the specific requirements of Civ.R. 15(D) are met. Amerine v.Haughton Elevator Co. (1989), 42 Ohio St.3d 57, 58. Civ.R. 15(D) states:
"Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words `name unknown,' and a copy thereof must be served personally upon the defendant."
 {¶ 11} "Civ.R. 15(D) specifically requires that the summonsmust be served personally upon the defendant." (Emphasis sic.)Amerine, 42 Ohio St.3d at 58. "Civ.R. 15(D) also requires that the summons must contain the words `name unknown.'" Id. Furthermore, Civ.R. 3 requires service upon parties brought into an action through a Civ.R. 15(C) and (D) amendment.
 {¶ 12} It is apparent from the trial court's journal entries that the trial court misperceived the effect of Civ.R. 15(C). Amending a complaint to correct the parties' names does not accomplish service. Personal service must still be accomplished under Civ.R. 3 and Civ.R. 15(D). The "relation back" feature of these rules applies solely to the statute of limitations; personal service does not "relate back" when erroneous parties are properly served, but the correct parties are not.
 {¶ 13} This assignment of error is well-taken. The judgment order of September 30, 2003, which granted the motion to amend for misnomer, and the judgment order of September 30, 2003, which entered default judgment against Banana Joe's of Akron, Inc., Joel Field, and Jon B. Field, are hereby vacated. This cause is remanded to the trial court for a resolution of remaining issues.
 Assignment of Error No. 2
"The trial court improperly conducted a hearing on [Martz's] motion to amend for misnomer only three (3) days after it was filed by [Martz] contrary to CIV.R. 6(D)."
 Assignment of Error No. 3
"The trial court improperly found that plaintiff attempted, with reasonable diligence, to ascertain the name(s) of the parties prior to granting plaintiff's motion to amend for misnomer."
 Assignment of Error No. 4
"The trial court abused its discretion when it improperly granted plaintiff's motion for misnomer"
 Assignment of Error No. 5
"Trial court erred in granting plaintiff's motion for default judgment and its award for damages thereon."
 Assignment of Error No. 6
"The trial court improperly awarded punitive damages."
 Assignment of Error No. 7
"The trial court improperly held corporate shareholders and/or officers personally liable for a personal injury claim against a registered ohio corporation."
 Assignment of Error No. 8
"Trial court improperly held joel field personally liable for personal injury claim against a registered ohio corporation."
 {¶ 14} Having remanded on the first assignment of error, we decline to address these remaining issues. See App.R. 12(A)(1)(c).
 III. {¶ 15} Appellant's first assignment of error is sustained. We decline to address the remaining assignments of error. The judgment of the Summit County Court of Common Pleas is vacated and the cause remanded for action consistent with this opinion.
Judgment vacated, and the cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J., Slaby, J., Concur.
[1] None of the named parties were designated as corporations.
[2] Joel Field's name does not appear in any of these corporate documents.