DECISION AND JUDGMENT ENTRY
{¶ 1} On September 20, 2000, appellant was injured when she slipped and fell at Churchill's Super Market ("Churchill's") in Sylvania Ohio. On September 16, 2002, appellant filed a complaint naming Churchill's, Chas. F. Mann Painting Co. ("Chas. F. Mann"), and John Doe, electrical company ("John Doe") as defendants. In the complaint, appellant alleged that she tripped over some electrical wires which were negligently placed under a mat by Churchill's, Chas. F. Mann or John Doe. On December 18, 2002, Churchill's filed a motion for summary judgment. Noting that appellant did not respond to Churchill's motion, the court granted summary judgment to Churchill's on January 10, 2003.
 {¶ 2} On April 24, 2003, appellant filed a "motion for leave to file amended complaint." Appellant sought leave to file an amended complaint substituting Duffey Concrete Cutting, Inc. ("Duffey") as the statutory agent in place of John Doe. In her motion, appellant asserted that the substitution was meant to show the real party of interest. The court granted appellant's motion and appellant filed an amended complaint on April 25, 2003.
 {¶ 3} On October 20, 2003, Duffey filed a motion for summary judgment arguing that appellant had failed to personally serve them within one year of the filing of the original complaint in violation of Civ. R. 15(D). Consequently, Duffey argued that appellant's cause of action was barred by the statute of limitations. In a memorandum in opposition, appellant argued that she had until April 25, 2004, or one year from the date of the filing of the amended complaint, to obtain personal service on Duffey. In granting Duffey's motion, the court found that mail service of the amended complaint on Duffey concrete did not comply with the requirements of Civ. R. 15(D) and did not relate back to the original complaint. The court concluded that the complaint was not timely filed. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. The trial court erred in finding that Plaintiff/Appellant's amended complaint Filed on April 25, 2003 did not relate back to the original complaint filed against Defendant/Appellee, Duffey concrete."
 {¶ 5} "II. The trial court erred in failing to consider public policy in issuing its ruling."
 {¶ 6} In her first assignment of error, appellant contends that her amended complaint related back to her original complaint filed on September 16, 2002.
 {¶ 7} Civ.Rs. 3(A) and 15(C) and (D) are to be read in conjunction with one another when attempting to determine "if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations * * *." Amerine v. HaughtonElevator Co. (1989), 42 Ohio St.3d 57, syllabus. Civ. R. 3(A) provides that "[A] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * * or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)." Civ. R. 15(D) sets forth the requirements for properly amending a complaint to add the name of a defendant, previously sued under a fictitious name such as "John Doe," when that defendant's true identity becomes known to a plaintiff. Amerine, supra at 59. Among the requirements are: the plaintiff must amend the complaint upon discovery of the defendant's true name; the summons must contain the words "name unknown;" and the defendant must be personally served. Civ. R. 15(D). An amended pleading will then relate back to the date of the original pleading when "the claim * * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading * * *." Civ. R. 15(C). The Supreme Court of Ohio has strictly construed this amendment procedure. Amerine, supra.
 {¶ 8} In the present case, it is undisputed that Duffey was served with the amended complaint by certified mail as opposed to personal service required by Civ. R. 15(D). Moreover, the amended complaint did not contain the words "name unknown." Following the Ohio Supreme Court's strict interpretation of the amendment procedure, we must conclude that the amended complaint did not relate back to the original complaint, and, therefore, the amended complaint was not timely filed. Appellant's first assignment of error is found not well-taken.
 {¶ 9} In her second assignment of error, appellant contends that the court failed to consider public policy matters in issuing its ruling. Appellant contends that public policy favors decisions on the merits of a claim.
 {¶ 10} In Nissen v. Callahan, (Jan.11, 1979), 8th Dist. No. 38132:
 {¶ 11} "Neither legislative intent nor public policy supports * * * an extension of the statute of limitations. R.C. 2305.10 and the other statutes of limitation mandate that complaints be filed within specific periods of time. That mandatory language (see Dennison v. Dennison
[1956], 165 Ohio St. 146, 149) and those specific time limits reflect the clearly expressed intent of the General Assembly that the time for filing a complaint not be arbitrarily extended." Citation omitted.
 {¶ 12} Based on the foregoing, appellant's second assignment of error is found not-well taken.
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. Concur.