{¶ 44} Although I concur with the majority, I must note the following two points.
 {¶ 45} First, the majority relies on Elston v. Howland LocalSchools, 11th Dist. No. 2004-T-0092, 2005-Ohio-4765, to conclude that R.C. 2744.03(A)(5) is inapplicable. The majority believes that the immunity of R.C. 2744.03(A)(5) does not apply to a political subdivision's employee's exercise of judgment or discretion.
 {¶ 46} In Elston, the majority held: "[t]he subsections of R.C. 2744.03(A) grant immunity to either the political subdivision or its employees, not both." Id. at ¶ 30. (Emphasis sic.) "A plain reading of R.C. 2744.03(A)(5) establishes that immunity is extended only to the acts of a political subdivision, not to the acts of its employees." Id. at ¶ 32. "Therefore, the immunity conferred by R.C. 2744.03(A)(5) only relieves liability for claims based upon the exercise of judgment or discretion of the political subdivision itself." Id.
 {¶ 47} In this writer's Dissenting Opinion in Elston, I stated that: "I disagree with the majority that the liability exceptions contained within R.C. 2744.03 must be read narrowly in favor of appellants. Ohio case law has consistently applied immunity under R.C. 2744.03(A)(3) and (5) to school athletic situations where the discretion of a school or a school employee was not exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." Id. at ¶ 39. (Emphasis added.) In the instant matter, however, discretion is not at issue.
 {¶ 48} It is worth noting that the conclusions reached inElston are under review by the Supreme Court of Ohio. Elstonv. Howland Local Schools, 107 Ohio St.3d 1697, 2005-Ohio-6763. While I defer to this court's majority in Elston, I agree that the exercise here was one clearly of maintenance, which does not involve the type of discretion envisioned in providing an immunity defense. There is no evidence that Lake Metroparks exercised any such judgment or discretion. Therefore, immunity does not exist under the statute, regardless of the Supreme Court's conclusion in Elston. As such, I agree with the majority in the case sub judice that the trial court's grant of summary judgment as to Lake Metroparks was error. Thus, this portion of appellants' assignment of error is well-taken.
 {¶ 49} Second, appellants argue that Schultz's Civ.R. 15(D) defense should fail. I agree with the majority here that appellants' contention is without merit. However, this writer takes issue with the majority's analysis regarding Civ.R. 15(D) with respect to original and amended complaints. The Supreme Court of Ohio in Amerine v. Haughton Elevator Co. (1989),42 Ohio St.3d 57, syllabus, stated: "[i]n determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)." "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the originalpleading." Civ.R. 15(C). (Emphasis added.)
 {¶ 50} For the foregoing reasons, I concur with the majority. The trial court erred in granting summary judgment to Lake Metroparks. However, the portion of appellants' sole assignment of error relating to Schultz is not well-taken because the trial court did not err by granting summary judgment in his favor.