DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the July 11, 2006 judgment of the Sandusky County Court of Common Pleas which granted a motion to dismiss filed by appellee, city of Fremont ("the city"), against appellants, Frank Alcala, Sr., Tanya Alcala, *Page 2 
and Frank Alcala, Jr.,[1] regarding their second amended complaint which added the city as a defendant. This case is also before the court on appeal from the trial court's September 28, 2006 judgment which denied Frank Alcala, Jr.'s motion for relief from judgment. For the reasons that follow, we reverse the decisions of the trial court.
 {¶ 2} On July 11, 2003, appellants sustained injuries as a result of a traffic accident with Autullo, who was a temporary employee driving a dump truck owned by the city. On July 6, 2005, appellants filed their complaint against Autullo, Progressive Insurance Companies,[2] and "John Does I-III," but did not name the city. In their complaint, appellants stated that they had reason to believe that Autullo "was uninsured and/or underinsured at the time of the accident or may have had immunity for the tortuous [sic] conduct in the accident." Appellants' complaint also stated that the John Doe defendants "are other parties who acted negligently resulting in the stated injuries to the plaintiffs and/or parties who wrongfully entrusted the operation of the automobile to Defendant Autullo and/or provided uninsured and/or underinsured motorists coverage and/or medical payments coverage to the plaintiffs and/or the automobile in which the plaintiffs were occupants." Appellants specified that the John Doe defendants "are named by fictitious names because their true names and identities are unknown and *Page 3 
cannot be discovered," but would be added in an amended complaint once their identities are made known.
 {¶ 3} On August 17, 2005, Autullo filed a motion for summary judgment, asserting that he was immune from liability because he was employed by the city at the time of the accident. In his attached affidavit, Autullo attested that he was employed by the city, was driving a city vehicle, and was "operating that vehicle within the scope and course of [his] employment" with the city at the time of the accident. On January 27, 2006, appellants took Autullo's deposition, wherein it was established that Autullo was an employee of the city, was not on an emergency call, was not on a frolic or detour, and was acting in the course and scope of his employment at the time of the accident.
 {¶ 4} Appellants sought leave to amend their complaint to add the city as a party defendant, as "said defendant was previously unknown and could not be discovered and was referred to in plaintiffs' complaint as John Doe I." Autullo opposed appellants' request to file an amended complaint on the basis that the city was "clearly discoverable prior to the expiration of the statute of limitations." On April 4, 2006, following a hearing, the trial court granted appellants' request to file a "Second Amended Complaint" which added the city as a defendant. Appellants' second amended complaint, filed April 4, 2006, stated with respect to the city:
 {¶ 5} "The identity of the City of Fremont, Ohio, previously named as John Doe I, was previously unknown and has now been discovered. Plaintiffs further aver that it *Page 4 
now appears that they have mistakenly named a defendant who may be immune and that they therefore amend their complaint to add a defendant which cannot be immune."
 {¶ 6} On April 24, 2006, the city filed a motion to dismiss appellants' cause of action against the city. The city argued that its "potential involvement has been a matter of public record since the very beginning." In support, the city attached the July 11, 2003 Fremont Police Department Traffic Crash Report to its motion. The report stated that Autullo was driving a vehicle owned by the City of Fremont Street Department and that Autullo was taken to the hospital by his supervisor.
 {¶ 7} On July 11, 2006, the trial court granted the city's motion to dismiss, and held that "the identity of the City of Fremont as defendant Ryan Autullo's employer was known to all parties, or easily discoverable, prior to the expiration of the statute of limitations." The trial court found that the amended complaint did not relate back to the date of the original complaint, pursuant to Civ.R. 15(C), because, "[b]ased upon paragraph 20 of the original Complaint, * * * [appellants] made a conscious decision to name defendant Ryan Autullo only at the time of the filing of the original Complaint, knowing that he may well be entitled to R.C. 2744 immunity."[3]
 {¶ 8} Appellants filed a motion for relief from judgment as to Frank Alcala, Jr.'s claims, arguing that, as a minor, the statute of limitations applying to his cause of action *Page 5 
had not expired. On September 28, 2006, the trial court denied Alcala Jr.'s motion for relief from judgment.
 {¶ 9} Appellants timely appealed the decisions of the trial court. On appeal, appellants raise the following assignments of error:
 {¶ 10} "Assignment of Error Number 1
 {¶ 11} "The court erred when it held that plaintiffs second amended complaint was barred by the statute of limitations, and did not relate back to the filing of the original complaint.
 {¶ 12} "Assignment of Error Number 2
 {¶ 13} "The trial court abused its discretion when it refused to grant relief from judgment to Frank Alcala, Jr. regardless of whether his parents' amended complaint related back, the statute of limitations was tolled as to him because of his minority."
 {¶ 14} The city's motion to dismiss did not state with particularity which subsection of Civ.R. 12(B) it relied upon in support of its motion, e.g., "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, [or] (7) failure to join a party under Rule 19 or Rule 19.1." We, however, find that the city's statute of limitations argument falls within those defenses contemplated by Civ.R. 12(B)(6), and our analysis of the motion to dismiss shall reflect the same. See Doe v. Archdiocese ofCincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625, wherein cause was dismissed pursuant to Civ.R. 12(B)(6) on the *Page 6 
basis that it was time-barred by the applicable statute of limitations. See, also, Charles v. Conrad, 10 Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 24, wherein the court held that a Civ.R. 8(C) statute of limitations defense was properly brought pursuant to Civ.R. 12(B)(6).
 {¶ 15} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 245. In ruling on a motion to dismiss, the court must conduct a de novo review, construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192; and Grover v. Bartsch, 170 Ohio App.3d 188, 2006-Ohio-6115,866 N.E.2d 547, ¶ 16. The court may not rely on allegations or evidence outside the complaint unless, with reasonable notice to the parties, it treats the motion as a Civ.R. 56 motion for summary judgment. Civ.R. 12(B);State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990),55 Ohio St.3d 98, 99.
 {¶ 16} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien at syllabus. A motion to dismiss based on expiration of the statute of limitations may only be granted if the complaint conclusively shows on its face that the action is barred. Velotta v. Leo Petronzio Landscaping, Inc. (1982),69 Ohio St.2d 376, paragraph 3 of the syllabus. *Page 7 
 {¶ 17} Although the city was not named in the original complaint, appellants assert that the second amended complaint, which substitutes the city as a party defendant for "John Doe I," who was previously "unknown," relates back to the filing date of the original complaint. The city, however, argues that appellants knew from the time of the accident that the city owned the truck driven by Autullo and that appellants consciously decided not to name the city in their original complaint. Only upon discovering that Autullo would be immune from liability did appellants seek to add the city. The city argues that this is not a situation of "mistaken identity or misnomer" that Civ.R. 15(C) seeks to remedy.
 {¶ 18} Civ.R. 15(D) allows for a party amendment where the name of a party was unknown at the time of the original complaint. In determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, the Ohio Supreme Court has held that "Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)." Amerine v. Haughton ElevatorCo. (1989), 42 Ohio St.3d 57, syllabus. Civ.R. 15(D) states:
 {¶ 19} "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words `name unknown,' and the copy thereof must be served personally upon the defendant." *Page 8 
 {¶ 20} Despite the fact that appellants averred that the city's identity was unknown at the time of the original complaint, the city argues that its identity was known or could have been discovered prior to the expiration of the statute of limitations. In particular, the city notes that appellants averred in their original complaint that Autullo may be immune from liability, thus implying that Autullo may have been acting within the course and scope of his employment with the city at the time of the accident. The city also relies on the accident report which identifies the city as the owner of the vehicle driven by Autullo.
 {¶ 21} We, however, find that our analysis is bound by the rules of procedure associated with a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. Particularly, evidence outside of the complaint may not be considered for purposes of determining the city's motion to dismiss. Civ.R. 12(B). The accident report was not incorporated into either the complaint or the amended complaint, but was instead attached as an exhibit to other motions in the record. Thus, we find that the accident report could not have been considered unless the trial court had notified the parties of its intention to treat the city's motion to dismiss as a motion for summary judgment, which it did not. See Civ.R. 12(B).
 {¶ 22} Additionally, we must construe the complaint in the light most favorable to appellants, presume that all factual allegations in the complaint are true, and make all reasonable inferences in favor of appellants. Although it would appear from the language of the original complaint that appellants at least suspected that Autullo was working at *Page 9 
the time of the accident, there is no mention of the city anywhere in the complaint. Also, appellants specifically averred in the original complaint that the John Doe defendants "are named by fictitious names because their true names and identities are unknown and cannot be discovered," and, in the second amended complaint, averred that the city "was previously unknown and could not be discovered." Without the evidence of the accident report, which cannot be considered for purposes of the city's motion to dismiss, there is no evidence in the record that these statements in appellants' complaints are untrue. Accordingly, we find that appellants satisfied the technical requirements of Civ.R. 15(D).
 {¶ 23} We, however, must additionally read Civ.R. 15(D) in conjunction with Civ.R. 15(C)[4] and 3(A) in order to determine "if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations." Amerine at syllabus. The Ohio Supreme Court noted that "[u]nder Civ.R. 15(C), an amendment relates back to the date of the original pleading if the parties are not changed." Amerine at 59. The court held that a party is not changed if, for example, "the amendment substituted the party's real name for the fictitious John Doe." Id. In making *Page 10 
its determination, the Ohio Supreme Court relied on Civ.R. 3(A), which states that a civil action is commenced if service is obtained within one year from the filing of a complaint upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name. Id.
 {¶ 24} Based on the reasoning in Amerine, we find that the city was not "changed," for purposes of Civ.R. 15(C), but was merely substituted for a John Doe defendant. Additionally, we find that appellants' amended complaint, substituting the city for a defendant previously identified by a fictitious name, was served upon the city within one year from the filing of the original complaint, in accordance with Civ.R. 3(A). We therefore find that appellants' second amended complaint relates back to the date of filing of the original complaint, which was within the applicable statute of limitations period.
 {¶ 25} Accordingly, we find that the trial court erred in granting the city's motion to dismiss. Appellants' first assignment of error is therefore found well-taken. Having reversed the trial court's dismissal of Frank Jr.'s cause of action against the city in the first assignment of error, we find appellants' second assignment of error is denied as moot.
 {¶ 26} On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings in accordance with this decision. The city of Fremont is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation *Page 11 
of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] Summary judgment was additionally granted in favor of Ryan M. Autullo, a temporary city of Fremont employee, on the basis that he was immune from suit; however, the appeal from that decision, case number S-06-036, was dismissed by appellants on December 27, 2006.
[2] Progressive was appellants' uninsured/underinsured motorists insurance carrier.
[3] Paragraph 20 of appellants' original complaint stated: "Plaintiffs have reason to believe that defendant, Ryan M. Autullo, was uninsured and/or underinsured at the time of the accident or may have had immunity for the tortuous [sic] conduct in the accident and as a result thereof, Progressive, is liable for any damages that he has proximately caused to the plaintiffs."
[4] Civ.R. 15(C) states:
"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Page 1