SMITH, D. B. A. SMITH'S SUPER SERVICE, *v.* MOLNAR.

(No. SC-36448—Decided June 22, 1971.)

Municipal Court of Barberton.

No attorney for plaintiff.
*Mr. C. David Hensal,* for defendant.

JUDGE, J.   On May 27, 1971, plaintiff filed a claim in the Small Claims Division of Barberton Municipal Court. Pursuant to said filing, a summons was sent to the defendant at her residence by ordinary mail advising said defendant that trial would be had on Thursday, the 10th day of June, 1971, at 9:00 a.m.   Defendant, on the date of trial, filed a motion to quash service of summons for the reason that said notice of summons was not served upon the defendant pursuant to Rule 4.1 of the Rules of Civil Procedure.

The sole issue before this court, for consideration, is whether Rule 4.1 of the Rules of Civil Procedure, effective July 1, 1970, is applicable to small claims matters.

R. C. Chapter 1925, effective November 21, 1967, establishes a small claims division in each municipal and county court. R. C. 1925.16 provides for the method of service as follows:

(a) Notice of a filing shall be served on the defendant in the same manner as a summons is served in any ordinary civil action including service by mail as permitted in R. C. 2703.23.

Thus, R. C. 1925.05 permits service by mail in small claims cases pursuant to R. C. 2703.23. R. C. 2703.23 provides, in part, as follows:

(a) In addition to the methods of service and return of writs provided by law, the Judge ...... of the Municipal Court, and of any city, may, by rule, provide for the service of writs or process by mail, registered or otherwise.

Under the authority of R. C. 2703.23, the Municipal Courts of Akron, Barberton and Cuyahoga Falls, within the Ninth Judicial District, have by local court rule, provided for service by mail, consistent with Local Rule 9, which provides as follows:

SUMMONS—In all second class actions for the recovery of money only, the summons shall be served by mail, unless the praecipe, filed by the party, requests that service be made by the bailiff, or unless the summons is accompanied by an order of attachment, or unless the defendant is a corporation, domestic or foreign, or a partneship, in which cases service shall be made by bailiff, or sheriff, in the manner provided in the Ohio Revised Code .* * *

In all cases of service by mail the writ shall be enclosed in a sealed envelope, bearing proper postage, and such envelope shall be addressed to the party to be served at his correct residence address.

Local Rule 2 defines second class cases as follows:

"All actions for the recovery of money only, wherein the amount sought to be recovered does not exceed three hundred dollars ($300.00), exclusive of interest and costs. * * *"

The local rule cited supra, which permits service by ordinary mail, has governed service of notice of summons

in small claims cases since the creation of the small claims court. However, effective July 1, 1970, the new Ohio Rules of Civil Procedure, by implication at least, have repealed R. C. 2703.23, which permitted the adoption of local court rules authorizing service by ordinary mail. Section I of House Bill 1201, specifically repeals R. C. 2703.23 effective July 1, 1971. Section III of the act (1201) further provides:

"that the taking effect of the Rules of Civil Procedure on July 1, 1970 is, prima facie evidence, that the Sections of the Revised Code to be repealed by Section I, are in conflict with such rules, and shall have no further force or effect * * * unless, the court shall determine one of such sections, or some part thereof, has clearly not been superceded by such rules, and that in the absence of such section, or some part thereof being effective, there would be no applicable standard of procedure prescribed by either statutory law, or rule of court."

Rule 1(A) of the Rules of Civil Procedure provides as follows:

"These rules prescribe the procedure to be followed in ALL courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule."

Rule 1(C) of the Rules of Civil Procedure provides, in part, as follows:

"These rules, to the extent that specific procedure is provided by law, or to the extent that these rules would by nature be clearly inapplicable, shall not apply to procedure * * * 4, in small claims matters in Chapter 1925."

It cannot be seriously argued that Rule 1(C) provides a blanket exemption for the application of the new Rules of Civil Procedure to small claims matters. Nowhere within the statutory framework of Chapter 1925 does there exist a specific or special procedure to be followed for service of summons on small claims. As previously indicated, R. C. 1925.05 provides for service of summons in the same manner as service of summons in ordinary civil actions. In this court's opinion, the last clause of Rule 1(C) clearly ex-

presses an intent on the part of the Legislature that the new Rules of Civil Procedure shall govern the service of notice of summons in small claims actions. The last clause provides as follows:

"That where any statute other than R. C. 2945.54, relating to criminal discovery, provides for procedure by a general or a specific reference to the statute governing procedure in civil actions; such a procedure shall be in accordance with these rules."

It is, therefore, the opinion of this court that the method of service to be followed in the small claims division of the municipal and county courts is governed by Rule 4.1 of the Rules of Civil Procedure, which provides for service by certified mail, personal service or residential service. This court, further, concludes that municipal and county courts lack the statutory authority to provide, by local court rule, for service of notice and summons by ordinary mail in small claims matters. Such manner of service is improper and insufficient at law.

Defendant's motion to quash service of summons in the within matter is hereby sustained.