PETERSHEIM, Appellant,

v.

CORUM et al., Appellees.

[Cite as *Petersheim v. Corum,* 158 Ohio App.3d 377, 2004-Ohio-4297.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 03 CA 81.

Decided Aug. 16, 2004.

James A. Marx and Stephen R. McCann, for appellant.

Harris & Mazza and Lee W. Westfall; and Thomas R. Bopeley, for appellees.

WISE, Presiding Judge.

{¶ 1} Appellant, Laura Petersheim, appeals the decision of the Court of Common Pleas, Licking County, that granted summary judgment in favor of defendants-appellees, Taylor and Catherine Corum, in a lawsuit brought by appellant, individually and as the administrator of Steven Petersheim, her late husband.

{¶ 2} Appellees are the owners of a 238–acre farm in Licking County, Ohio. Shortly after 10 P.M. on August 4, 2000, Steven Petersheim was driving on County Road 40 when an Angus bull owned by appellees entered the roadway in the path of Steven's vehicle. The ensuing collision resulted in Steven's death.

{¶ 3} Appellant filed a wrongful-death lawsuit against appellees on July 5, 2002, alleging that appellees had "unlawfully and/or negligently caused and/or allowed the bull to run at large." Appellees thereafter answered and filed a motion for summary judgment. In June 2003, appellant filed a memorandum in opposition. Appellees thereafter filed a motion to strike portions of appellant's memorandum. The trial court conducted a hearing on all pretrial motions on August 12, 2003.

{¶ 4} In a judgment entry dated August 28, 2003, the trial court granted summary judgment in favor of appellees and struck those portions of appellant's memorandum in opposition to summary judgment that argued that there existed a presumption of negligence pursuant to R.C. 951.02.

{¶ 5} Appellant timely appealed and raises the following two assignments of error:

{¶ 6} "I.   The trial court erred in striking portions of plaintiff-appellant Laura Petersheim's ('Petersheim') brief in opposition to summary judgment.

{¶ 7} "II.   The trial court erred in granting summary judgment to defendants-appellees Taylor and Catherine Corum ('Corum')."

{¶ 8} We will address the assigned errors in reverse order.   In her second assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellees.   We agree.

{¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.   *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212.   Civ.R. 56(C) provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 10} Pursuant to that rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed.   The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.   The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case.   The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim.   If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.   *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 11} There is no dispute that appellee Taylor Corum was the owner of the escaped bull.   Corum recalled that he purchased the animal at an auction on August 2, 2000, two days before the accident.   The Corum farm contained two pertinent areas: a fenced-in wooden corral near the house and barn and a larger pasture bordered by a wire-and-wood-post perimeter fence.   According to Co-

rum, he last saw the bull alive on 4 p.m. on August 4, 2000, when he took a break from baling hay and observed it in the corral. Corum testified that the corral gate was secure. Corum noted that the corral fence was not damaged and the corral gates were not open. After he was notified by the State Highway Patrol about the accident on August 5, 2000, and he discovered the bull missing, Corum discovered a cut 30–foot span of the pasture fence (as opposed to the corral fence), on the north side. The cut fence had been rolled up near a railroad viaduct over the creek located at this spot. Corum did not know who had done this cutting. Corum testified that he observed bull tracks and fresh manure near the creek bank. Appellees contend that "[n]o one can state with any reliability how the bull exited the corral," but theorize that the bull went through the severed section of perimeter fence.

{¶ 12} When livestock escape from a farm and do damage upon a public highway, the owner's liability sounds in negligence for permitting the escape. *Reed v. Molnar* (1981), 67 Ohio St.2d 76, 21 O.O.3d 48, 423 N.E.2d 140. "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, citing *Wellman v. E. Ohio Gas Co.* (1953), 160 Ohio St. 103, 108–109, 51 O.O. 27, 113 N.E.2d 629. The focus of our summary judgment analysis is thus the evidence as to the reasonableness of appellees' fence maintenance and other precautions to prevent the bull from escaping. Corum asserted that the bull was of a gentler disposition than most and was not observed kicking in the trailer at the time of purchase or rubbing against other objects. The farm's perimeter fence was made of wire mesh, topped with two strands of barbed wire. According to Corum, he generally visually checked this fence every one to two weeks, riding along the perimeter on his ATV for one to one and one-half hours. However, Thomas Carpenter, Ph.D., P.E., appellant's agricultural-engineering expert, reviewed photographs of the farm and testified that it would be impossible to adequately inspect the entire fence on the 268 acres in that amount of time, given the amount of trees, brush, and debris in the area. Dr. Carpenter thus stated, "Mr. Corum's claimed inspection methods were unreasonable and inadequate." Dr. Carpenter also concluded that "this fence was cut well before the Saturday or Sunday before August 4, 2000, when Mr. Corum claims he was out there and that the fence was intact." Id.

{¶ 13} In regard to the corral issue, in contradiction to Corum's testimony, appellant averred that Corum admitted to her in conversation that he knowingly allowed the bull out of the corral the day of the accident. Based on this, Dr. Carpenter added that allowing a newly purchased bull, unfamiliar with its new

surroundings, to go out of a fenced corral would be improper and unreasonable. He otherwise was of the opinion that failure to check on a new bull for nearly 18 hours in a corral so close to the owner's home was unreasonable.

{¶ 14} We therefore find that summary judgment was improper, as reasonable minds could come to different conclusions regarding whether Corum's maintenance and monitoring of the perimeter fence, as well as his actions or omissions regarding the use of the corral, resulted in a violation of appellees' duty to take reasonable precautions to prevent the animal's escape onto a public roadway and whether appellees' potential breach was the proximate cause of the accident.

{¶ 15} Appellant's second assignment of error is therefore sustained.

{¶ 16} In her first assignment of error, appellant contends that the trial court erred in striking portions of her memorandum in opposition to summary judgment pertaining to R.C. 951.02, which reads as follows: "No person, who is the owner or keeper of horses, mules, cattle, sheep, goats, swine, or geese, shall permit them to run at large in the public road, highway, street, lane, or alley, or upon unenclosed land, or cause such animals to be herded, kept, or detained for the purpose of grazing on premises other than those owned or lawfully occupied by the owner or keeper of such animals. The running at large of any such animal in or upon any of the places mentioned in this section is prima-facie evidence that it is running at large in violation of this section."

{¶ 17} Based on our holding that summary judgment was improper pursuant to appellant's second assignment of error, any alleged errors in the trial court's striking of portions of appellant's memorandum rendered moot.

{¶ 18} Appellant's first assignment of error is hereby found to be moot.

{¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

EDWARDS and BOGGINS, JJ., concur.