DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rose Young, appeals from the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, granting her a divorce and dividing the parties' property. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Bradley Young, were married on September 17, 1988 and have one child, age 15. On June 20, 2003, Appellee filed his complaint for divorce. Appellant, thereafter, filed her counterclaim for divorce. Throughout the proceedings below, the parties have failed to cooperate with each other in resolving their differences. At one time in the proceedings below, both parties were sentenced to three days in jail for contempt for failing to abide by temporary orders of the trial court.
 {¶ 3} Following numerous hearings and extensive briefing, the magistrate issued his proposed decision granting the parties a divorce and dividing the marital property. On April 2, 2004, the trial court agreed with the magistrate's decision and granted the parties a divorce and divided their property. Appellant timely appealed from the divorce decree, raising five assignments of error for our review. For ease of discussion, Appellant's third and fifth assignments of error will be addressed together.
 II. ASSIGNMENT OF ERROR I
"The trial court abused its discretion by failing to factor into the division of property the present value of [appellee's] social security benefits."
 {¶ 4} In her first assignment of error, Appellant alleges that the trial court erred when it failed to take into account the present value of Appellee's social security benefits when dividing the parties' property. We disagree.
 {¶ 5} "Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion." Neville v. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624, at ¶ 5. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} Appellant argues that the trial court acted in an unreasonable manner when it failed to award her a division of property which took into account the present value of Appellee's Social Security benefits. We find that the trial court properly considered the value of Appellee's future benefits.
"In making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits in relation to all marital assets." Neville, at syllabus.
Further,
"[t]he trial court must have the flexibility to make an equitable decision based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension plan, and the reasonableness of the result. Thus, any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' martial assets." Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180.
The record reflects that the trial court did in fact consider the value of Appellee's future benefits.
"[Appellant] also submitted a report by stipulation as to [Appellee's] Social Security benefits. There was very little testimony given on this issue. The report indicates a value of pension earned during the marriage to be $62,151. [Appellant] would like the court to pay her one half of that value.
"[Appellee] points out the stipulated report does not consider any spouse or widow benefits that may be payable. It does not consider [Appellee's] full age at retirement which is 67. [Appellee] argues the request for one half of this benefit does not take into account [Appellant] working full-time for her sister at Helen's Touch of Class. She is not paying into the Social Security system. [Appellee] does not believe this report is complete particularly since [Appellee] is 27 years from full retirement age.
"This benefit is a factor for the court to consider but based upon the evidence and the argument submitted by [Appellee], the Magistrate does not feel this asset should be divided. There was no testimony with regard to any Social Security benefits available to [Appellant] based upon her work history. The request for an equal division should be denied."
 {¶ 7} Appellant, at best, provided the trial court an incomplete view of Appellee's future benefits. Further, the magistrate properly noted that the receipt of those benefits was not immediate, but rather, more than two decades away. The record also reflects that Appellant was less than forthcoming with information regarding her own work history. She consistently denied ever receiving payment for working at her sister's store. In addition, she did not provide the trial court with any possible spousal benefits included in Appellee's future benefits.
 {¶ 8} The magistrate heard arguments from both parties regarding Appellee's Social Security benefits. The trial court examined the surrounding circumstances and found that the value of Appellee's benefits, in the context of these proceedings, was negligible. In so doing, the trial court utilized its flexibility in making an equitable distribution of property. Hoyt, 53 Ohio St.3d at 180. The trial court, therefore, did not abuse its discretion in failing to increase Appellant's property division by the value of half of Appellee's future benefits. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion when failing to order [appellee] to pay [appellant's] attorney fees."
 {¶ 9} In her second assignment of error, Appellant argues that the trial court erred when it failed to order Appellee to pay a portion of her attorney's fees. We disagree.
 {¶ 10} A decision regarding an award of attorney fees is left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Holcomb v. Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, at 21, citing Bowen v. Bowen (1999), 132 Ohio App.3d 616,642. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 11} R.C. 3105.18(H) provided at the time of decree, in relevant part:
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including * * * any proceeding arising from a motion to modify a prior order or decree * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
Appellant does not argue on appeal that she would be prevented from fully litigating or protecting her rights, nor does she assert that she presented sufficient evidence in support of this fact to the trial court. Despite this, Appellant maintains that it was error for the trial court to deny her an award of fees. A showing that she was unable to effectively litigate her case, however, is expressly required by the language in R.C. 3105.18(H). Ohlemacher v. Ohlemacher, 9th Dist. No. 04CA008488, 2005-Ohio-474, at ¶ 40.
 {¶ 12} Appellant instead asserts that she presented competent, credible evidence of her attorney's fees and the disparity in income between the parties. Disparity in income is not a factor under R.C.3105.18(H). Id at ¶ 41. Thus, it is not a factor which must be considered in determining whether to award attorney fees in this context. See Hirt v. Hirt, 9th Dist. No. 03CA0110-M, 2004-Ohio-4318, at ¶ 14 (concluding that the trial court did not abuse its discretion in denying the wife's motion for attorney's fees despite the disparity in the party's incomes).
 {¶ 13} As Appellant has failed to demonstrate that she would be unable to adequately protect her interests and fully litigate her rights without an award of her attorney's fees, we cannot say that the trial court abused its discretion in not granting her attorney's fees. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court abused its discretion when ordering the immediate sale of the marital residence."
 ASSIGNMENT OF ERROR V
"The trial court abused its discretion when it ordered a) [appellant] to pay one-third of household expenses during the pendency of the divorce; b) [appellant] to pay twelve hundred dollars ($1,200) to sears for the refrigerator at the marital residence; and c) [appellant] to pay three thousand dollars ($3,000) as her share of the marital expenses to [appellee]."
 {¶ 14} In her third and fifth assignments of error, Appellant asserts that the trial court erred in its division of the parties' assets and liabilities. Specifically, Appellant argues that she should have been permitted to remain in the residence until the parties' fifteen year old son graduated from high school. Additionally, she asserts the certain expenses should not have been assigned to her. This Court disagrees.
 {¶ 15} As noted above, a trial court has broad discretion in the allocation of marital assets and its judgment will not be disturbed absent an abuse of discretion. Neville, at ¶ 5. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
"Despite this broad discretion, the trial court should strive to disentangle the relationship between the parties, as the legal effect of a divorce is to extinguish the rights and obligations of the parties to each other. Additionally, the trial court should make `finality and conclusion' a priority." (Internal citations omitted.) Wenger v. Wenger,
9th Dist No. 02CA0065, 2003-Ohio-5790, at ¶ 6.
R.C. 3105.171 provides in pertinent part as follows:
"(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
"(5) The economic desirability of retaining intact an asset or an interest in an asset;
"(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
"(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 16} In the instant matter, the record reflects that disentangling the parties was a concern of the trial court. On repeated occasions, the parties refused to cooperate with one another, even in the face of orders from the trial court. The trial court noted that if the marital residence was not sold, an equitable division of property could not be made. The record supports such a finding. The parties' primary asset was the equity in their marital residence, which was estimated at $30,000. Absent that asset to divide, the parties would be inextricably intertwined for an additional three years, and Appellant would be forced to sell the property in the future to effectuate an equitable division. Further, the evidence before the trial court indicated that Appellant would not be able to pay the mortgage on the residence and that it could be lost to foreclosure as a result. As such, the trial court did not abuse its discretion in ordering the immediate sale of the residence.
 {¶ 17} Appellant also asserts that the trial court erred in ordering her to pay certain expenses. We find that the trial court did not abuse its discretion with regard to allocating the parties' expenses and debts. The magistrate found that Appellant had not provided employment information, nor made any reasonable attempt to find future employment. The trial court, however, clearly took into account the income disparity between the parties. As a result, Appellee was ordered to pay two-thirds of the household expenses during the divorce. In addition, Appellant was only required to pay $3,000 in marital expenses after receiving the property division. Finally, the Sears' debt was apportioned along with all of the parties' debts, with Appellant obligated to pay several and Appellee obligated to pay several others.
 {¶ 18} The trial court carefully examined the factors contained in R.C. 3105.171(F) in reaching an equitable division of the parties' assets and liabilities. As such, we cannot say that the trial court abused its discretion. Accordingly, Appellant's third and fifth assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"The trial court abused its discretion when failing to award spousal support to [appellant]."
 {¶ 19} In her fourth assignment of error, Appellant argues that the trial court erred in failing to award her spousal support. We disagree.
 {¶ 20} An award of spousal support is within the broad discretion of the trial court. Blakemore, 5 Ohio St. 3d at 218. A trial court has not abused its discretion unless its award is "unreasonable, arbitrary or unconscionable." Id. at 219.
 {¶ 21} R.C. 3105.18(C)(1) requires the trial court to consider fourteen factors in determining whether to award spousal support and the appropriate amount to award. Those factors include:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."
With regard to spousal support, the magistrate detailed as follows:
"Based upon the evidence and [Appellant's] testimony the Magistrate is not convinced she is trying to find employment on a good faith basis.
* * *
"[Appellant] testified she did not know how much spousal support she wanted and did not know the duration. She testified that has yet to be worked out.
"When she was employed at Wooster Hawkins as the deli supervisor, she was making $10 an hour or $20,800 a year. If the court imputes the Wooster Hawkins income to [Appellant] for spousal support purposes, the incomes are not that far off factoring in child support."
The evidence before the magistrate reflected that Appellee's 2003 income was $30,491. As a part of the divorce decree, he was ordered to pay $4,800 per year in child support. Factoring in child support, Appellant's income as computed by the trial court would be $25,600, and Appellee's income would be $25,691.
 {¶ 22} Appellant presented no evidence to the trial court that she was incapable of earning the same income that she had at her prior occupation. In addition, the trial court was presented evidence of Appellee's budget in which his monthly liabilities exceeded his income before child support was deducted. The trial court considered the factors under R.C. 3105.18 and found that spousal support was not warranted. Given the evidence presented, we cannot say that the trial court's conclusion was an abuse of discretion. Appellant's fourth assignment of error, therefore, is overruled.
 III. {¶ 23} Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.