OPINION
{¶ 1} Appellant, Tracey Sue Batchelder, appeals the judgment of the Trumbull County Court of Common Pleas awarding summary judgment favor of appellees. We affirm.
 {¶ 2} On August 1, 2002, appellant was involved in a motor vehicle accident in which she struck a lamp post. Appellant was arrested for reckless operation and driving with a suspended license. The responding officers characterized appellant as non-cooperative and "combative." Appellant was subsequently transported to the Trumbull County Jail. Once in her cell, appellant claimed she repeatedly asserted her "right" to use the phone but was ignored. According to appellant, an officer advised her he "had enough of [her] f____ing mouth" and entered the cell in an "attacking manner." Appellant stated the officer called upon two other officers to assist him. According to appellant's complaint, the officers then "placed their hands upon her body, used force to wrestle her to the floor and placed handcuffs upon both her wrists and both her ankles." Appellant recalled the officers then lifted her off the ground and proceeded to transport her to another cell. According to appellant, the officers dragged her out of the cell and, despite protestations that she could walk, they allegedly hoisted her into the air and carried her off. During this transport, appellant claimed she was dropped several times causing her various injuries to her back and neck.
 {¶ 3} Appellant was eventually placed in a cell located in the women's wing of the jail. At this time, appellant was asked to disrobe by a non-party female officer but was provided no clothing for approximately three hours. Eventually she was provided with clothing and discharged from the jail the next morning.
 {¶ 4} On July 31, 2003, appellant filed a complaint in the Trumbull County Court of Common Pleas against "Unidentified Deputy Sheriff for Trumbull County #1", "Unidentified Deputy Sheriff for Trumbull County #2", "Unidentified Deputy Sheriff for Trumbull County #3", Thomas Altiere, Sheriff of Trumbull County, and the Board of Commissioners for Trumbull County ("Board of Commissioners"). The complaint alleged claims for "Assault and Battery", "Serious Emotional Distress", and "Violation of Civil Rights." The complaint also included three claims for punitive damages relating to each of the foregoing counts. Appellant alleged the three unidentified officers were liable directly for their alleged mistreatment of appellant on the night in question while the claims against Sheriff Altiere and the Board of Commissioners were premised upon the doctrine of respondeat superior.
 {¶ 5} Eventually appellant discovered the names of the formerly "unidentified deputies" and, on July 26, 3004, appellant moved to amend her complaint to reflect the same. The court granted the motion and appellant, by interlineations, listed Dallas D. Young, Jason M. Fusillo, and Bruce E. Gaugler, as the defendants. The instructions for service filed with the complaint amended by interlineations requested that a "[s]ummons, together with a copy of the [c]omplaint filed herein on July 31, 2003" be given to the process server "for PERSONAL or RESIDENCE SERVICE" upon each of the newly named defendants. Although appellant aggressively maintains each party was properly served, the record contains no returns of service and therefore lacks any evidence of service.
 {¶ 6} On August 23, 2004, appellees filed their answer to appellant's amended complaint. In their answer, appellees raised, inter al., the affirmative defenses of insufficiency of process, insufficiency of service of process and lack of personal jurisdiction. On May 6, 2005, appellees moved for summary judgment on all counts. On November 8, 2005, appellant filed her motion in opposition to appellees' motion for summary judgment. Further, on the same day, appellant filed a peculiar document entitled "Notice of Deposit of Returns of Service of Amended Complaint on Dallas Young and Jason Fusillo and Bruce Gaugler with Judge Andrew Logan." The "Notice" was filed with the court; however, neither the docket sheet nor the record reflects that returns of service were properly filed. On November 23, 2005, the trial court awarded summary judgment in appellees' favor.
 {¶ 7} Appellant now appeals and raises three assignments of error for our review:
 {¶ 8} "[1.] The court below erred in granting summary judgment in favor of appellees Dallas D. Young, Bruce E. Gaugler and Jason M. Fusillo.
 {¶ 9} "[2.] The court below erred in granting summary judgment in favor of appellee Trumbull County Sheriff Thomas L. Altiere.
 {¶ 10} "[3.] The court below erred in granting summary judgment in favor of appellee Board of Commissioners for Trumbull County, Ohio."
 {¶ 11} Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in favor of the nonmoving party, that conclusion favors the moving party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 12} Summary judgment proceedings afford an appellate court the unique opportunity of reviewing the evidence in the same manner as the trial court. Petersheim v. Corum,158 Ohio App.3d 377, 379, 2004-Ohio-4297, citing, Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 13} Under her first assignment of error, appellant argues the trial court erred when it granted summary judgment in favor of appellees Young, Gaugler and Fusillo. In response, appellees contend appellant's failure to establish evidence of both the sufficiency of the process and service of process was an adequate basis for the lower court to render summary judgment in their favor as a matter of law.
 {¶ 14} Initially, appellant conceded in her motion in opposition to appellees' motion for summary judgment that no action was commenced against appellee Jason Fusillo due to her failure to personally serve him. A failure to perfect service results in a lack of personal jurisdiction. Triplett v.Beachwood Village, Inc., 158 Ohio App.3d 465, 469,2004-Ohio-4905. Generally, a dismissal based upon lack of personal jurisdiction is a dismissal without prejudice. Thomasv. Freeman, 79 Ohio St.3d 221, 225, 1997-Ohio-395., citing Civ.R. 41(B)(4). However, a party has two years after he or she is personally injured to file a complaint sounding in civil assault and/or battery. R.C. 2305.10(A). A party has four years after an alleged injury to file a complaint for intentional infliction of emotional distress and/or federal civil rights violations.[1] The incident in question occurred on August 1, 2002. Thus, the limitations period on any action contained in the original complaint alleged against appellee Fusillo has passed. Thus, appellant's first assignment of error is without merit as it pertains to appellee Fusillo.
 {¶ 15} We shall next address appellees' argument pertaining to insufficient process as it relates to officers Gaugler and Young. Specifically, appellee contends appellant failed to strictly comply with Civ.R. 15(D) and further failed to properly serve them with a copy of the amended complaint.
 {¶ 16} Civ.R. 15(D) states:
 {¶ 17} "Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words `name unknown' and a copy thereof must be served personally upon defendant."
 {¶ 18} Civ.R. 15(D) sets forth specific requirements for amending a complaint where a defendant was formerly unknown, the terms that must appear in the summons, and the nature of service that must be perfected in order to obtain personal jurisdiction over the formerly unknown defendant. The term must is a term of mandate; it indicates the steps set forth in the rule are necessary to obtain jurisdiction over a previously unknown defendant. Appellant appears to concede the same by her recognition that her failure to personally serve Officer Fusillo undermined the court's assertion of jurisdiction over his person.
 {¶ 19} With respect to officers Gaugler and Young, appellant concedes she failed to comport with Civ.R. 15(D)'s specific requirements, viz. an averment in the complaint that the unknown defendants' names could not be discovered and the summons did not contain the words "name unknown." These concessions would likely undermine the sufficiency of process which, under the circumstances, would likely be fatal to appellant's causes of actions.[2] However, under the circumstances, appellant is faced with a more fundamental problem than whether the service properly comported with Civ.R. 15(D). Specifically, there is no record evidence demonstrating that officers Gaugler or Young were served at all. The record contains no returns of service which would directly prove sufficiency of service. Where, as here, the record fails to disclose any proof of service and the defendants properly raised the affirmative defense of failure of service, we are left with no choice but to dismiss those defendants from the lawsuit for lack of personal jurisdiction.
 {¶ 20} We are aware that on November 8, 2005, appellant attempted to provide some proof of service via a document entitled "Notice of Deposit of Returns of Service of Amended Complaint on Dallas Young and Jason Fusillo and Bruce Gaugler with Judge Andrew Logan." However, the alleged "returns of service" were neither attached to the "Notice" nor otherwise filed in the record. It is unclear why appellant sought to deposit the receipts with the judge rather than the clerk; after all, the latter could have caused the receipts to be stamped and filed thereby creating a record of service. Unfortunately however, appellant failed to do so and we are therefore left with nothing, save her personal assurances, that service (of any manner) was properly perfected.
 {¶ 21} Because there is no evidence in the record that service of process occurred (let alone evidence of its sufficiency), we hold the trial court did not have personal jurisdiction over officers Gaugler and Young. It is accordingly unnecessary to address whether any issues of material fact exist regarding the substantive allegations set forth in appellant's complaint. Appellant's first assignment of error is without merit.
 {¶ 22} Under her second assignment of error, appellant initially contends appellee Thomas Altiere, Trumbull County Sheriff is liable for the alleged excessive force used upon her in the Trumbull County Jail.
 {¶ 23} We must first point out that appellant's complaint alleged claims for civil assault and battery as well as claims for intentional infliction of emotional distress against all listed defendants. In her brief however, appellant argues that material issues of fact remain regarding whether the officers' used "excessive force" on the evening in question. Neither civil assault nor battery nor intentional infliction of emotional distress include an element requiring analysis relating specifically to "excessive force."[3] Because appellant's complaint does not assert the officers under Sheriff Altiere's supervision used "excessive force," this issue is fundamentally irrelevant to the trial court's decision awarding appellees summary judgment. We therefore decline to address this aspect of appellant's argument.[4]
 {¶ 24} Appellant next contends Sheriff Altiere is liable for his deliberate indifference to protections guaranteed by the U.S. Constitution to a pretrial detainee. Appellant's argument pertains to the alleged civil rights violations she suffered at the hands of the three deputies under Sheriff Altiere's supervision.
 {¶ 25} A Section 1983 claim may be brought against an employee in his or her individual capacity and/or in his or her official capacity. Hiles v. Franklin Co. Bd. of Cmmr's, 10th Dist. No. 05AP-253, 2006-Ohio-16, at ¶ 17. Appellant's complaint fails to reveal whether Sheriff Altiere was being sued in his individual or official capacities. Where a complaint does not clearly indicate the capacity in which the defendant is being sued, federal courts look to the course of the proceedings to determine whether the defendant received notice of the plaintiff's intent to hold him or her personally liable. Id., at ¶ 18, citing, Moore v. City of Harriman (C.A. 6, 2001), 272 F.3d 769, 772-773.
 {¶ 26} Here, the amended complaint lists Sheriff Altiere by his job title, Sheriff of Trumbull County, and lists the Trumbull County Sheriff's Department as his address. Appellant alleges Sheriff Altiere's liability is derivative and premised upon the misdoings of officers who were acting under his general supervision in the course and scope of their employment as Sheriff's Deputies. As such, appellant attempts to impute liability to the Sheriff by suggesting he "implicitly authorized, approved, or knowingly acquiesced" to the allegedly unconstitutional conduct of the officers. With these observations in mind, we hold the Sheriff is being sued in his official, not his individual, capacity.
 {¶ 27} Section 1983 claims against public employees acting in their official capacity are the tantamount to claims against the governmental entity for whom they work. Hiles, supra, at ¶ 19. Sheriff Altiere is an elected official of Trumbull County. Thus, we must determine whether Trumbull County is entitled to summary judgment on appellant's claims.
 {¶ 28} In Monnell v. Dep't of Soc. Services (1978), 436 U.S. 658, the United States Supreme Court determined that a government entity may not be held vicariously liable under Section 1983 based solely upon the acts of its employees unless those acts were manifestations of an official mandate or policy. Specifically, the court held:
 {¶ 29} "a local government may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents. Instead, it is when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under [Section] 1983." Monnell v. Dep't of Soc. Services (1978), 436 U.S. 658, 694.
 {¶ 30} Here, Trumbull County would be directly shielded from liability unless the behavior ascribed to the officers was permitted by official policy announced by Trumbull County or adopted at the behest of Sheriff Altiere. The record is devoid of any evidence of any policies permitting or encouraging mistreatment, physical or otherwise, of jail inmates. Sheriff Altiere was not present in the jail at the time of the incident and, as such, he did not specifically order the alleged mistreatment. Moreover, there is no evidence in the record indicating Sheriff Altiere had ever encouraged or otherwise ratified such conduct as a matter of "official policy." In fact, during his deposition, Sheriff Altiere averred that, pursuant to jail policy, inmates possess certain rights to be free from corporal punishment and unnecessary or excessive force. Given the evidence, Sheriff Altiere may not be held responsible for any of the alleged conduct of the officers. Therefore, liability may not be imputed to the County through the doctrine of respondeat superior.
 {¶ 31} Appellant's second assignment of error lacks merit.
 {¶ 32} Appellant's final assignment of error challenges the trial court's award of summary judgment in favor of the Board of Commissioners. Under her final assignment of error, appellant attempts to hold the Board of Commissioners vicariously liable for the alleged actions of the officers on the night in question.
 {¶ 33} Generally speaking, counties can neither sue nor be sued. Picciuto v. Lucas Cty Bd of Commrs. (1990),69 Ohio App.3d 789, 795. Here, appellant sought to hold the county liable for the officers' alleged conduct by naming the Board of Commissioners as a defendant. As indicated above, a governmental entity may not be held liable in a suit alleging Section 1983 violations for the acts of its employees solely based upon respondeat superior or vicarious liability. Monell, supra. Moreover, owing to the defect in appellant's pleadings, the county is immune from allegations arising from the officers' alleged tortious conduct via R.C. Chapter 2744. For these reasons, appellant's final assignment of error is overruled.
 {¶ 34} For the reasons set forth above, appellant's three assignments of error lack merit. The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.
Donald R. Ford, P.J., Diane V. Grendell, J. concur.
[1] A cause of action for intentional infliction of emotional distress is governed by the four-year statute of limitations period set forth in R.C. 2309.09. See, e.g. Keisler v. FirstEnergy Corp., 6th Dist. No. OT-04-055, 2006-Ohio-476 at ¶ 23. The civil rights claims are similarly governed by the four year statute of limitations. See, R.C. 2305.09(D); see, also, BojacCorp. v. Kutevac (1990), 64 Ohio App.3d 368, 370.
[2] In Amerine v. Haughton Elevator Co. (1989),42 Ohio St.3d 57, the Supreme Court of Ohio considered the question of whether Civ.R. 15(D), "read in conjunction with Civ.R. 15(C) and 3(A)," allowed an appellant's amended complaint, listing a previous "John Doe" defendant, to "relate back to the time of the filing of the original complaint" for purpose of sustaining a cause of action against the identified defendant despite the expiration of the applicable statute of limitations. Id., at 58. The Court determined that the plaintiff failed to personally serve the former "John Doe" defendant, using rather service by certified mail. Id. Moreover, the plaintiff did not include the words "name unknown" in the summons served upon the party in question. Id. Accordingly, the court held that the plaintiff's failure to satisfy the requirements of Civ.R. 15(D) precluded application of the "relation back" rule of Civ.R. 15(C), which acted to bar her claim by the applicable statute of limitations. Id., at 59. Following Amerine, courts have held strict compliance with Civ.R. 15(D) necessary to receive the benefits of the Civ.R. 15(C)'s "relation back" provision. See, Stewart v. North CoastCenter, 11th Dist. No. 2006-A-0042, 2005-Ohio-2392, at ¶ 63;Mears v. Mihalega (Dec. 19, 1997), 11th Dist. No. 97-T-0040, 1997 Ohio App. LEXIS 5739, 5-6; Lawson v. Holmes,166 Ohio App.3d 857, 2006-Ohio-2511, at ¶ 21; Gates v. Precision Post
(Sept. 14, 1994), 3d Dist. No. 9-94-21, 1994 Ohio App. LEXIS 4148, 9. In the instant matter, appellant failed to strictly comply with the mandates of Civ.R. 15(D).
[3] Civil Assault is the "intentional offer or attempt, without authority or consent, to harm or offensively touch another that reasonably places the other in fear of such contact." 2 Ohio Jury Instructions (2003), Section 219.01(A), at 17. Battery involves the "intentional, unconsented, contact with another." 2 Ohio Jury Instructions (2003), Section 219.02(A), at 18. Furthermore, to establish a claim for intentional infliction of emotional distress, a plaintiff must demonstrate: "(1) that the actor either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go `beyond all possible bounds of decency' and was such that it could be considered as `utterly intolerable in civilized community'; (3) that the actor's actions were the proximate cause of plaintiff's psychological injury; and (4) that the mental anguish suffered by plaintiff was serious and of a nature that `no reasonable man could be expected to endure it.'" Buckman-Pierson v. Brannon,159 Ohio App.3d 12, 2004-Ohio-6074, at ¶ 29.
[4] It bears noting that even had appellant properly contested the trial court's award of summary judgment with respect to the officers' alleged tortious conduct, the County would be entitled to immunity under R.C Chapter 2744. Specifically, a political subdivision such as Trumbull County is entitled to a general blanket of immunity under R.C. 2744.02(A). This "sovereign immunity" may be pierced only if a plaintiff properly alleges, in his or her complaint, one (or more) of five statutory scenarios set forth under R.C. 2744.02(B)(1) — (5). Here, appellant's complaint neither mentions R.C. Chapter 2744 nor sets forth allegations which could functionally relate to the scenarios set forth under R.C. 2744.02(B)(1) — (5). In effect, appellant's attempt to hold the County liable for the officers' alleged intentional tortious conduct would fail ab initio for failure to file a proper pleading that would lift the general grant of immunity afforded a political subdivision under R.C. 2744.02(A).