[Cite as *Rupert v. Frenchko*, 2013-Ohio-4122.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| CHAD RUPERT, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0012** |
| NIKI FRENCHKO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Warren Municipal Court, Case No. 2012 CVI 02657.

Judgment: Reversed and remanded.

*Chad Rupert*, pro se, 436 Depot Street, Niles, OH 44446, (Plaintiff-Appellee).

*Niki Frenchko*, pro se, 170 Kenilworth, SE, Warren, OH 44483 (Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Niki Frenchko appeals from the January 14, 2013 judgment entry of the Warren Municipal Court, overruling her objections to and adopting the decision of the trial court's magistrate in a small claims action. Ms. Frencho asserts the trial court lacked personal jurisdiction over her due to a failure in service of process. We agree, and reverse and remand.

{¶2} November 13, 2012, Chad Rupert filed this action with the trial court, alleging Ms. Frenchko owed him $2,450.55 for remodeling the interior of her home. The matter was set for hearing December 12, 2012, before the magistrate. The trial court's

docket indicates that a service of summons and return of service were generated at the time the action was filed. There is no indication on the trial court's docket that any return of service was actually made.

**{¶3}** Hearing went forward December 12, 2012. Ms. Frenchko did not appear, and the magistrate entered a default judgment in the amount of the prayer against her. The next day, the trial court adopted the magistrate's decision. December 18, 2012, Ms. Frenchko filed detailed objections to the magistrate's decision, claiming that she was never properly served with process. January 14, 2013, the trial court overruled the objections. This appeal timely ensued, Ms. Frenchko assigning four errors:

**{¶4}** "[1.] The trial court committed prejudicial error by holding the hearing on December 12, for which service had not been perfected. Certified Mail was not received by the Defendant, and attempts for personal service were unsuccessful. With the summons and complaint being improperly served by taping to the door, and the trial courts (sic) knowledge of this hearing should have been rescheduled.

**{¶5}** "[2.] Though we assert that service was not perfected, even if it were considered to be perfected through taping to a door, the trial court committed prejudicial error by holding the hearing on December 12, for which the hearing date was less than ten (10) days before the hearing. Trial courts (sic) knowledge of this hearing date was only six (6) days from the hearing. The hearing date should have been rescheduled with subsequent attempts for service after the initial method to attempt service failed.

**{¶6}** "[3.] The trial court committed prejudicial error by failing to follow Local Rules and Civil Procedures for service, yet still holding a hearing, and granting a default judgment.

{¶7} "[4.] The trial court committed prejudicial error by its failure to reschedule hearing date in its second attempt for service, and still maintained originally scheduled hearing date, even offering a default judgment." [1]

{¶8} Under her first assignment of error, Ms. Frenchko argues that service of process was never perfected upon her.

{¶9} A trial court's determination of the sufficiency of process is reviewed for abuse of discretion. *Bell v. Midwestern Educational Services, Inc.*, 89 Ohio App.3d 193, 203 (2d Dist.1993). The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

{¶10} The Rules of Civil Procedure generally apply to small claims proceedings. R.C. 1925.16. The proper method of service in small claims proceedings is set forth at Civ.R. 4.1. *Smith v. Molnar*, 28 Ohio Misc. 257, 260 (C.P.1971). Civ.R. 4.1 contemplates four methods of service of process: (1) service by certified or express mail, Civ.R. 4.1(A)(1)(a); (2) service by commercial carrier, Civ.R. 4.1(A)(1)(b); (3) personal service, Civ.R. 4.1(B); and (4) residence service, Civ.R. 4.1(C). Whichever method is chosen, Civ.R. 4.1 provides that the clerk of the court "shall" make an entry of return upon the docket. Civ.R. 4.1(A)(2), (B) and (C). Use of the word "shall" in a statute or rule indicates the matter is mandatory. *Amon v. Keagy*, 11th Dist. Trumbull No. 2008-T-0033, 2009-Ohio-3794, ¶27, citing *State ex rel. Botkins v. Laws*, 69 Ohio

---

[1.] Mr. Rupert has not filed a brief in this case.

St.3d 383, 385 (1994). When a putative party presents evidence that service was never achieved, a trial court should hold a hearing to determine the matter. *See e.g. Green v. Huntley*, 10th Dist. Franklin No. 09AP-652, 2010-Ohio-1024, ¶17, quoting *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 64 (1st Dist.1997). This court has held that when the record contains no proof of service, an action must be dismissed for lack of personal jurisdiction over the parties sought to be served. *Batchelder v. Young*, 11th Dist. Trumbull No. 2005-T-0150, 2006-Ohio-6097 ¶19.

{¶11} As we noted above, there is no indication of any return of service against Ms. Frenchko in the record of this case, and no hearing was held.

{¶12} The first assignment of error has merit.

{¶13} Given the disposition of the first assignment of error, we find the remaining assignments of error moot. App.R. 12(A)(1)(c).

{¶14} The judgment of the Warren Municipal Court is reversed, and this matter is remanded for further proceedings not inconsistent with this opinion.

{¶15} The court finds there were reasonable grounds for this appeal.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4